**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Merchant Transaction Systems, Inc., | ) | No. CV02-1954-PHX-MHM |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Nelcela, Inc., an Arizona corporation, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

On November 16, 2005, the Court held a hearing on Nelcela, Inc., Len Campagne and Alex Dollarhide's motion for sanctions against Plaintiff Merchant Transaction Systems, Inc. ("MTSI"). *See* Doc. #206. Following oral argument by counsel for Nelcela and MTSI, the Court ordered MTSI and its counsel to pay discovery sanctions to Nelcela in an amount to be determined after further briefing.

On May 12, 2005, MTSI produced a source code to Nelcela, specifically stating that the code "was taken off the MTSI server." *See* Doc. #206, Ex. B. In response, Nelcela served a Rule 34 request for inspection of the "MTSI server" from which the source code was obtained. *See* Doc. #206, Ex. C. At a hearing on June 17, 2005, counsel for MTSI told Judge Murguia that Nelcela would be given access to the server. *See* Doc. #206, Ex. D, at 20. Judge Murguia expressly warned the parties that any difficulties regarding production of the source code would result in sanctions. *Id.* at 23. Subsequently, on July 3 and 7,

1  2005, counsel for MTSI and Nelcela agreed that inspection of the MTSI server would occur

2  on July 19, 2005, in an office in San Juan Capistrano, California.

3          The parties subsequently reached an impasse on the nature of the inspection and

4  whether Nelcela would be permitted to copy portions of the server's hard drive.  Because

5  Judge Murguia was unavailable, this Court agreed to resolve the discovery dispute.  The

6  Court issued an order on July 13, 2005, stating that Nelcela's experts would be permitted

7  to copy the entire hard drive. *See* Doc. #199.  As a result, Nelcela flew its experts from the

8  East Coast to Phoenix on July 18, 2005, to prepare for the following day's Rule 34

9  inspection and copying.

10          On the morning of July 18, 2005, counsel for MTSI sent counsel for Nelcela an email

11  stating that various agreements would need to be reached before the copying of the hard

12  drive would be permitted, and suggested that the inspection take place on July 29, 2005.

13  Counsel for Nelcela declined to postpone the inspection and traveled to California the next

14  day with the Nelcela experts.  In a conference call with the Court and counsel on July 19,

15  2005, counsel for MTSI asserted for the first time that the source code was located on a

16  server owned by an entity known as Merchant First.  Counsel claimed a lack of access to

17  the server and stated that personnel were not available to permit copying as ordered by the

18  Court.  The Court ordered counsel for MTSI to seek to obtain access that day.  If access

19  could not be arranged that day, the Court stated that it would entertain a motion for

20  sanctions for expenses incurred by Nelcela in preparing for the July 19, 2005 inspection and

21  copying.  Access was not arranged that day, and Nelcela ultimately was required to fly its

22  experts from the East Coast at a later date to complete copying of the hard drive.

23          The Court finds that MTSI's last-minute effort to change the July 19 inspection

24  resulted in Nelcela incurring unnecessary expenses in flying its experts to Phoenix on

25  July 18, 2005.  Moreover, MTSI represented to Nelcela and the Court that the source code

26  was on "the MTSI server."  It was not until July 19, 2005, that MTSI informed Nelcela and

27  the Court that the source code was located on a server owned and operated by a third

28

1   party, Merchant First.  This untimely disclosure unnecessarily complicated the process of

2   obtaining access to the source code and caused Nelcela to incur expenses that could have

3   been avoided.

4          Pursuant to Rule 37 of the Federal Rules of Civil Procedure, MTSI and its counsel

5   will be required to reimburse Nelcela for the costs incurred by Nelcela in flying its experts

6   to Phoenix on July 18, 2005, including the time billed by the experts in connection with that

7   travel that was not otherwise productive in the litigation.  Because Nelcela could have

8   avoided the cost of flying its experts to California once it knew that the July 19 inspection

9   would not occur, the Court will not require MTSI to reimburse those expenses.[1]

10         On or before November 23, 2005, Nelcela shall provide the Court with a

11  memorandum, no longer than five pages in length, describing the costs incurred by Nelcela

12  in connection with the July 18, 2005 travel of its experts as described above.  On or before

13  November 30, 2005, MTSI shall file a response concerning the amount of costs claimed by

14  Nelcela.  The Court will enter an order awarding monetary sanctions against MTSI and its

15  counsel on the basis of this briefing.

16         As the Court explained to the parties during the hearing on November 16, 2005, it

17  will not attempt to address other discovery issues in this case.  The Court's ruling is limited

18  to MTSI's response to Nelcela's Rule 34 request and the Court's order of July 13, 2005.

19  Other sanctions and discovery issues will be resolved by Judge Murguia.

20

21

22

_____

23         [1] Although the parties previously had agreed on the July 19 inspection date, the

24  Court's order of July 13, 2005 stated that copying of the hard drive would occur "at a time
    and place to be agreed upon by the parties." *See* Doc. #199, ¶ 1.  Once MTSI made clear

25  in the July 18 email that it wished to proceed with the copying on July 29, Nelcela was not

26  justified in simply flying its experts to California for copying on the 19th.  Sanctions are
    appropriate, however, for MTSI's late notice of the changed inspection date – which

27  caused Nelcela to incur expert expenses on July 18 – and for MTSI's untimely raising of

28  the third-party ownership of the hard drive.

1

**IT IS ORDERED:**

2      1.      Nelcela, Inc., Len Campagne, and Alex Dollarhide's motion for sanctions

3 against Plaintiff MTSI (Doc. #206) is **granted in part and denied in part** as set forth above.

4      2.      Nelcela, Inc., Len Campagne and Alex Dollarhide's motion to strike MTSI's

5 improper and untimely "opposition" (Doc. #288) is **denied**.

6      DATED this 22nd day of November, 2005.

7

8

9

10 _____

      David G. Campbell
11      United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -