**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Merchant Transaction Systems, Inc., | No. CV02-1954-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Nelcela, Inc., an Arizona corporation, et al., | |
| Defendants. | |

In its order dated November 22, 2005, the Court stated that it would impose sanctions against MTSI and its counsel consisting of costs incurred by Nelcela for the July 18, 2005 travel of its experts to Phoenix, including time billed by such experts that was not otherwise productive in the litigation. *See* Doc. #300. The Court expressly declined to grant sanctions for costs incurred on July 19, 2005. The Court directed Nelcela to file a memorandum setting forth the July 18 costs.

In disregard of the Court's Order, Nelcela has filed a memorandum seeking not only expert costs and fees for July 18, 2005, but also expert costs and fees incurred on July 19, 2005 and attorneys' fees and costs incurred in July, August, September, and November, 2005. Nelcela seeks sanctions in excess of $28,000. In addition to this overreaching, the requested fees and costs include clearly unreasonable amounts, such as $400 in meal expenses for two experts for two days, a total of 23.5 hours of travel time for the two experts to fly from New Jersey to Phoenix, and $245 in car rental expenses for one day.

1  Moreover, none of the expenses are explained in any detail and Nelcela has failed to
2  provide the information specifically sought by the Court – exclusion of expert fees incurred
3  on July 18, 2005 that were otherwise productive in this case. *See* Doc. #300 at 3.[1]

4  Nelcela's memorandum persuades the Court not only to deny its request for more
5  than $28,000 in sanctions, but to reduce the sanctions actually awarded to reflect Nelcela's
6  overreaching. Because the Court continues to believe that the conduct of MTSI and its
7  counsel was sanctionable, the Court will impose sanctions as follows:

- $1,820 in airfare for Nelcela's experts to fly from New Jersey to Phoenix and back (twice the $910 airfare reflected in the P.G. Lewis & Associates invoice for the one-way flights from New Jersey to Phoenix);

- $339 for one night's lodging in Phoenix (approximately one-half the two nights' lodging set forth in the P.G. Lewis & Associates invoice);

- A total of ten hours of round-trip travel time for Robert DeCicco in the amount of $2,250 (consisting of five hours assumed travel from New Jersey to Phoenix and five hours from Phoenix to New Jersey);

- A total of ten hours of travel time for Kevin Faulkner in the amount of $1,850 (consisting of five hours' travel time from New Jersey to Phoenix and five hours from Phoenix to New Jersey);

- A reduction in the sanctions of $1,000 due to Nelcela's overreaching in its fee memorandum.

Sanctions in the amount of **$5,259.00** ($6,259.00- $1,000.00) shall be paid by MTSI and its counsel to Nelcela on or before **January 31, 2006**. MTSI and its counsel shall determine how these sanctions are to be allocated between counsel and client, but in making this decision the client shall be provided a copy of the Court's previous Order (Doc. #300).

---

[1] Nelcela argues that it should recover fees and costs for July 19, 2005, because the Court's Judicial Assistant directed Nelcela's lawyers and experts to fly to California that day. The decision to fly to California was Nelcela's, not the Court's. Moreover, even if counsel acted in response to a comment from the Court's staff, that action is not attributable to MTSI or its counsel.

This Order concludes the undersigned judge's involvement in this case. Further matters should be addressed to the Honorable Mary H. Murguia.

DATED this 6th day of January, 2006.

_____
David G. Campbell
United States District Judge