```
___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

      APR 2 5 2007

   CLERK U S DISTRICT COURT
      DISTRICT OF ARIZONA
   BY_____ DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Merchant Transaction Systems, Inc., | CIV 02-1954-PHX-MHM |
| Plaintiff, | **JURY INSTRUCTIONS** |
| vs. | |
| Nelcela, Inc., et al., | |
| Defendants. | |
| And Related Counterclaims and Cross-Claims and Third-Party Claims | |

## INSTRUCTIONS AS GIVEN BY THE COURT

DATED this ____24th____ day of April, 2007.

_____
Mary H. Murguia
United States District Judge

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

The evidence from which you are to decide what the facts are consists of:

1.   the sworn testimony of any witness;

2.    the exhibits which have been received into evidence; and

3.   any facts to which the lawyers have agreed or stipulated.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3

3.     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness' memory;

3.    the witness' manner while testifying;

4.    the witness' interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness' testimony;

6.    the reasonableness of the witness' testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

6

You have heard testimony from a person who, because of education or experience, is permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give as much weight as you think it deserves, considering the witness' education and experience, the reasons for the opinion, and all the other evidence in the case.

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

You should decide the case as to each party separately.   Unless otherwise stated, the instructions apply to all parties.

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

This case is in federal court based upon claims relating to copyright infringement. As you have heard, the case involves competing claims of ownership over computer software used to process credit card transactions.

Both Lexcel, Inc., and Nelcela, Inc., claim to own certain software. This Court has already found that certain software submitted in this case is substantially similar beyond the possibility of random chance and that copying took place. Specifically, when comparing the "authorization system" and "merchant system" of the Lexcel, Inc., software produced in CD format, with the Nelcela, Inc. "authorization system" and "merchant system" of the Nelcela, Inc., software, the Court has determined that copying has taken place. The Court's determination is binding on your decision in this case and you must accept it as true.

The Court; however, has not determined whether Lexcel, Inc., or Nelcela, Inc., owns the "authorization system" and/or "merchant system." That issue is left for you to determine and may be based upon which party created the "authorization system" and "merchant system" first.

14

In addition, Lexcel, Inc., seeks ownership over the "database component or system." It is for you to decide whether Lexcel, Inc., owns this software component or system. Lexcel, Inc.'s claim of ownership over the "non-visa system" and the "cardholder system" no longer requires your consideration.

Once these ownership determinations are made, later proceedings will determine whether actual copyright infringement took place.

Copyright is the exclusive right to copy. This right to copy includes the exclusive right to:

(1) authorize, or make additional copies, or otherwise reproduce the copyrighted work;

(2) recast, transform, adapt the work, that is prepare derivative works based upon the copyrighted work;

(3) distribute the copyrighted work to the public by sale or other transfer of ownership or lending;

It is the owner of a copyright who may exercise these exclusive rights to copy. The term "owner" includes the author of the work, an assignee, and an exclusive licensee. In general, copyright law protects against production, adaptation, and distribution of substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement. Even though one may acquire a copy of the copyrighted work, the copyright owner retains rights and control of that

16

copy, including uses that may result in additional copies or alterations of the work.

A copyright certificate creates a presumption of the validity of a copyright. The presumption is rebuttable and does not definitely resolve the ownership issue. To rebut the presumption, a party must offer some evidence or proof to dispute or deny the presumption.

The works involved in this trial are known as computer programs, that is, a literary work composed of a set of statements or instructions to be used directly or indirectly in a computer to bring about a certain result.

You are instructed that a copyright may be obtained in the software at issue in this case.

A party is the owner of a valid copyright if the party proves by a preponderance of the evidence that:

1.   the party's work is original; and

2.   the party is the author or creator of the work or received a transfer of the copyright.

The creator of an original work is called the author of that work.  An author originates or "masterminds" the original work, controlling the whole work's creation and causing it to come into being.

Others may help or may make valuable or creative contributions to a work.  However, such contributors cannot be the authors of the work unless they caused the work to come into being.  One must translate an idea into a fixed, tangible expression in order to be the author of the work.  Merely giving an idea to another does not make the giver an author of a work embodying that idea.

A copyright owner is entitled to exclude others from copying a work made for hire.

A work made for hire is one that is prepared by an employee in carrying out the employer's business.

The employer is considered to be the author of the work and owns the copyright unless the employer and employee have agreed otherwise in writing.

A copyright owner of a work made for hire may enforce the right to exclude others in an action for copyright infringement.

A copyright owner is entitled to exclude others from creating derivative works based upon the owner's copyrighted work. The term derivative work refers to a work based on one or more pre-existing works, such as a translation, abridgement, condensation, or any other form in which the pre-existing work is recast, transformed, or adapted. Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming or adapting the copyrighted work without the owner's permission.

If the copyright owner exercises the right to create or allow others to create a derivative work based upon the copyrighted work, this derivative work may also be copyrighted. The original works of authorship in the derivation, such as the editorial revisions, annotations, elaboration, or other modifications to the pre-existing work, are considered to be the derivative work.

The parties in this lawsuit had a duty to preserve evidence that they knew or reasonably should have known was relevant to any claim or defense asserted in this lawsuit. If you find that a party willfully destroyed evidence that was relevant to any claim or defense in this lawsuit, then you may infer, but are not required to infer, that the destroyed evidence would have been unfavorable to the party who destroyed it.

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

24

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.