LAW OFFICES
**RONAN & FIRESTONE, PLC**

9300 E. RAINTREE DRIVE, SUITE 120

SCOTTSDALE, ARIZONA  85260

(480) 222-9100

Merrick B. Firestone, SB #012138
Veronica L. Manolio, SB #020230
*Attorneys for the Nelcela Defendants*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Merchant Transaction Systems, Inc., | No.  02-CV-1954 - PHX-MHM |
| Plaintiff, | **NELCELA, INC., LEN CAMPAGNA AND  ALEC DOLLARHIDE'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND/OR MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL** |
| vs. | |
| Nelcela, Inc., an Arizona corporation; Len Campagna, an Arizona resident; Alec Dollarhide, an Arizona resident; Ebocom, Inc., a Delaware Corporation; POST Integrations, Inc., an Illinois Corp., | |
| Defendants. | (The Honorable Mary H. Murguia) |
| And Related Counterclaims, Cross-Claims and Third-Party Claims. | **(Oral Argument Requested)** |

## I.    INTRODUCTION

Pursuant to Rules 50(a)-(b) and 59 of the Federal Rules of Civil Procedure ("FRCP"), Nelcela, Inc., Len Campagna and Alec Dollarhide (collectively "Nelcela") hereby move for judgment as a matter of law notwithstanding the jury verdict returned on April 25, 2007.  (Docket No. 501) Alternatively, Nelcela is entitled to a new "Phase I" trial on the issue of ownership because the overwhelming evidence at trial proved two things:

1.    All claims by Lexcel, even if just for "ownership," were lost as untimely; and

2.    Any and all "substantial similarity" between the software of Nelcela and Lexcel, Inc. ("Lexcel") failed to "dissect" or account for unprotectable elements, and the jury's reliance on this Court's finding of "substantial similarity" and "copying as a matter of law" was legally improper.

1    Nelcela has continually moved for legal adjudication of the statute of limitations, including:
2    1) opposing Intervention on a limitations defense; 2) moving to dismiss the action/claims by Lexcel
3    on this defense; 3) moving for summary judgment on this issue; 4) asking for reconsideration of the
4    statute of limitations issue; and, finally  5) seeking a directed verdict or judgment as a matter of law
5    at the conclusion of Lexcel's evidence advanced at trial.   Despite that Nelcela has sought
6    adjudication by the Court on no less than five (5) occasions, the Court has still failed to address the
7    statute of limitations issue and continues to hold that it is a "Phase II" trial issue.  Legally, the statute
8    of limitations issue must be addressed now.  Nelcela is entitled to judgment as a matter of law
9    (notwithstanding the jury verdict) because the evidence at trial proved that Lexcel's claims have all
10   expired and that Lexcel was not legally entitled to advance **any** claims, ownership included.

11   Likewise, Nelcela has argued that the Court's finding of "substantial similarity" and/or
12   "copying ... as a matter of law" are legally improper.  *See, e.g.,* Docket Nos. 486, 489, 490, 493-95.
13   This Court wholly failed to apply the proper "analytic dissection" required   **prior** to finding
14   substantial similarity.  Despite that the evidence at trial proved the "substantial similarity" existed
15   only in routine, functional, unprotected elements of the source code/software, the jury was permitted
16   to hear evidence, deliberate, and reach a verdict having been repeatedly fed an error of law in the
17   Court's substantial similarity finding.  The jury was even specifically instructed  to apply an error
18   of law as "binding on [its] decision" and the Court required the jury to "accept [the error of law] as
19   true" in  reaching its verdict.  (Docket No. 500 at p. 15 of 28)

20   The Joint Parties (namely, Lexcel), have been fully heard on the statute of limitations issue,
21   and there is no legally sufficient evidentiary basis for a reasonable jury to find that **any** of Lexcel's
22   claims would have survived the time-limiting statutes.  Nelcela is entitled to judgment on this issue.
23   Lexcel has also been fully heard on ownership, and had this Court done the "analytic dissection"
24   required by law or removed the error of its prior "substantially similar" ruling, there would be no
25   basis for the jury to have granted Lexcel ownership.  Nelcela must either be granted judgment for
26   ownership of its own Merchant and Authorization Systems or granted a new trial on ownership.

1  **II.    LAW AND ARGUMENT**

2      **A.    Nelcela is Absolutely Entitled to Judgment on the Statute of Limitations.**

3          Despite Nelcela's repeated urging that the statute of limitations precluded Lexcel's claims

4  in this lawsuit, the Court has denied five (5) separate requests that the statute of limitations ("SOL")

5  be addressed prior to proceeding to trial.  *See, e.g.*, Docket No. 209 (Court denied Nelcela's

6  Opposition to Intervention on SOL grounds.); Docket No. 383 at pp. 16-17 of 31 (Court denied

7  Nelcela's Motion to Dismiss Lexcel's Claims on SOL grounds and Nelcela's Motion for Summary

8  Judgment on the same SOL grounds.); Docket No. 454 (Court denied Nelcela's Supplemental

9  Request that Trial not Proceed Until after SOL issue was determined.); Docket No. 486 (Court

10 denied Nelcela's Motion for Directed Verdict (Judgment as a Matter of Law) on the SOL grounds.)

11 The Court has held that the statute of limitations is a "Phase II" issue and will not be resolved until

12 the Court could, "determine the exact accrual date of Lexcel's claims." (Docket No. 383 at p. 17)

13         Now, after a two-week jury trial, there can be no dispute about the accrual date for Lecxel.

14 Lexcel's own witnesses proved that its claims accrued in May 1999 at the earliest and in June 2001

15 **at the very latest**.  For example, Mr. Kubitz testified that he met with both Post and MTSI prior to

16 or on June 4, 2001.[1]  He specifically testified that he "came to understand" **at that time** that the Post

17 source code could have been his and that Lexcel, "needed protection." *Id.* at fn. 1.  Mr. Kubitz

18 confirmed that in meeting with MTSI in June 2001, he saw Lexcel's code on MTSI's computer and

19 definitively confirmed in his mind that Nelcela had taken Lexcel's Authorization, Merchant and

20 Cardholder systems and the database schema.   *Id.*   Mrs. Kubitz agreed that Lexcel "firmly

21 understood" in June 2001 that Nelcela claimed ownership of code Lexcel believed was its code. *Id.*

22 There is no legally sufficient evidentiary basis for this Court to again avoid the SOL matter.

23

24  [1]  At the time of drafting this Motion, the official Trial Transcripts have not been filed or certified.
    All parties were strongly cautioned that the "Realtime" transcripts are not official and cannot be

25  cited or quoted.  Therefore, Nelcela cannot quote *verbatim* nor cite the testimony exactly and, instead
    has relied on the "Realtime" transcripts only to make the arguments here in very general terms.

26  Nelcela will gladly supplement this motion to include exact/direct quotes from the certified
    transcripts once they are received should this Court deem that necessary.

Nelcela properly raised judgment as a matter of law on the statute of limitations grounds at the conclusion of Lexcel's evidence.  (Docket No. 486) This Court (again) stated that the issue was, "appropriate for Phase II," and that the untimeliness of Lexcel's claims would not affect ownership. *See*, fn. 1, *supra*.  The Court is squarely wrong in finding that the SOL issue is a "remedy" that does not affect the ownership determination.  *See*, 17 U.S.C. §507(b).  Copyright law is well settled that **no** civil action shall be maintained under the copyright statute(s) unless commenced within three (3) years of the accrual date.  *Id*.  Although this Court has tried to distinguish the "ownership" claim – for which Lexcel filed a civil action seeking declaratory relief – from the remedy, that distinction is legally wrong.  Ownership is simply one element of copyright infringement, it is **not** a separate and distinct claim. *Brown Bag Software v. Symantec Corp.,* 960 F.2d 1465, 1476 (9th Cir.), *cert denied*, 506 U.S. 869 (1992) (Ownership of copyright is one element of an infringement claim, it is not a cause of action.); *see also*, 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* §13.01[A] (1991) (Ownership is just an element of a copyright infringement claim.)

Regardless of any possible infringement (Phase II) issues, Lexcel's entire civil remedies under copyright law are lost.  Lexcel cannot maintain  **any** civil action under copyright law, a declaration of ownership included.  *See*, 17 U.S.C. §507(b); *see also, Roley v. New World Pictures*, 19 F.3d 479, 140 A.L.R. Fed. 813 (9th Cir. 1994) (A cause of action for copyright infringement accrues at the time one has knowledge or is chargeable with knowledge of an alleged infringement.); *Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 889 (6th Cir. 2004) (The statute of limitation bars infringement claims that accrued more than three years before suit was filed.)

Rule 50(b) FRCP, which was amended in 1991, permits a party to renew a motion for judgment as a matter of law after a jury verdict is reached (even though the rule was previously referred to as seeking "Judgment Notwithstanding the Verdict.")  *See*, Rule 50(b) as amended in December 1991.  Under Rule 50(b), this Court can enter judgment inconsistent with the jury verdict if it is not supported by the evidence provided at trial.  *See, Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006) (The Court can determine whether the evidence presented at trial permitted a

1   reasonable conclusion contrary to the jury's verdict.);  *see also*, *e.g., McLean v. Runyon*, 222 F.3d

2   1150, 1153 (9th Cir. 2000) (Judgment as a matter of law is proper, notwithstanding the jury's verdict,

3   if the evidence permits a conclusion contrary to the verdict.);  *see also, Gilbrook v. City of*

4   *Westminster*, 177 F.3d 839, 863 (9th Cir. 1999) (Renewed judgment as a matter of law can be granted

5   so long as the party seeking renewed judgment properly raised a motion for judgment at the close

6   of evidence.)  Because Nelcela properly raised the statute of limitations issue at the conclusion of

7   Lexcel's evidence, because there can be only one conclusion drawn from the evidence (that Lexcel's

8   claim accrued in June 2001), and because the law is absolute that **any** civil action was lost 3 years

9   after June 2001, this Court must now grant Nelcela judgment as a matter of law on the statute of

10  limitations issue.  *See*, 17 U.S.C. 501(b).

11

12          **B.     The Verdict on Ownership Relied on an Error of Law in this Court's Finding
                    of "Substantial Similarity" and "Copying" and Cannot be Upheld.**

13          For more than two weeks, the jury was repeatedly bombarded by the Joint Parties' counsel

14  reciting this Court's Order on summary judgment.  *See*, fn. 1, *supra*.  In particular, the jury was told

15  at least **twelve** (12) times by the Joint Parties that this Court found the Lexcel and Nelcela codes,

16  "substantially similar beyond random chance" and that "copying took place as a matter of law." *Id.*

17  Over repeated objections by Nelcela, the jury was particularly instructed that it **had** to rely on the

18  Court's finding of "substantial similarity" and "copying as a matter of law."  *See,* Docket No. 461

19  (Nelcela moved for clarification of the "substantial similarity" finding prior to trial, noting that the

20  ruling had to be clarified before the Phase I trial on ownership.); No. 486 (Nelcela moved for

21  Judgment as a Matter of Law on the *Apple* case, asking the Court to remove its finding of

22  "substantial similarity" for failure to apply the proper legal standard.); Nos. 489-490, 493-495

23  (Nelcela submitted Proposed Jury Instructions and a Summary of Claims that actually reflected the

24  proper analysis under *Apple Computer, Inc. v. Microsoft, Corp*., 35 F.3d 1435 (9th Cir. 1994).)

25  Despite the Joint Parties' repetition of "substantial similarity" and "copying as a matter of law," the

26  Court's ruling was just plain erroneous.  Worse, the jury verdict absolutely relied on the error(s).

1    Before this Court was ever permitted to find "substantial similarity" or "copying," it **had** to

2    perform an "analytic dissection" of the two source codes at issue and filter out all of the potentially

3    "unprotectable" elements of the two programs.  *See, Apple, supra*, 35 F.3d at 1442-43.  In*Apple*, the

4    Ninth Circuit squarely addressed the very issues we have in this case and ruled:

5        "Because **only those elements of a work that are protectable and used without**
         **the author's permission can be compared** when it comes to the ultimate question
6        of illicit copying, we use analytic dissection to determine the scope of copyright
         protection before works are considered 'as a whole.'  (Internal citations omitted.)"

7

8    *Apple, supra,* 35 F.3d at 1442-43.  Emphasis added.

9    The *Apple* Court relied on a long line of Ninth Circuit case law, all which confirm that this

10   Court had an absolute <u>duty</u> to perform the "analytic dissection" to filter out unprotectable elements

11   **before** ruling that copying occurred.  *See, Brown Bag, supra,* 960 F.2d at 1475-76 (explaining that

12   the scope of copyright protection is determined by the Court under "analytic dissection"); *see also,*

13   *Pasillas v. McDonald's Corp*., 927 F.2d 440, 443 (9th Cir. 1991) (a copyright holder cannot rely on

14   standard elements to show "substantial similarity" of expression); *Harper House, Inc. v. Thomas*

15   *Nelson, Inc.* , 889 F.2d 197, 207-08 (9 th Cir. 1989) (the trier of fact cannot base an infringement

16   decision on unprotectable elements of another's work).

17   While this Court has purported to reserve the "analytic dissection" for a "Phase II" or

18   "infringement" issue, that is simply another error of law.  *See,* fn. 1, *supra* (The Court stated it would

19   determine "whether the software [in question] in fact is copyrightable" in  Phase II of this case.);

20   *Brown Bag, supra*, 960 F.2d at 1476.  The issue of ownership ("Phase I") should never have been

21   determined without the proper analytic dissection having been done first.  *Id.*  The*Brown Bag* Court

22   clarified that analytic dissection by the Court must **precede** an ownership determination:

23       "... analytic dissection is not used for the purposes of comparing similarities and
         identifying **infringement** , but for the purpose of defining the scope of plaintiff's
24       copyright.  This point bears emphasis.  **Analytic dissection is relevant not only to**
         **the copying element of a copyright infringement claim, but also to the claim's**
25       <u>**ownership**</u> **element.**"

26   *Brown Bag,* 960 F. 2d at 1476.  Emphasis added.

1    The *Brown Bag* Court went on to discuss that ownership is one element of infringement, and

2    that the analytic dissection of unprotected elements must occur prior to ruling on ownership.   *Id.*

3    Then, *Brown Bag* reminded us that the failure of the lower court to perform analytic dissection

4    (before an ownership determination) and limit the scope of a copyright is absolutely  **error**.  *Id.*,

5    citing to *Data East USA, Inc. v. Epyx, Inc.*, 862 F.2d 204, 209 (9ᵗʰ Cir. 1988) (a lower court errs by

6    not limiting the scope of copyright protection before a determination on ownership is made.);  *see*

7    *also*, *Nimmer on Copyright, supra,* §13.01[A], 13.03 [F][5] (1991) (One aspect of the ownership

8    element is the scope of copyright protection, necessitating dissection of unprotected elements.)

9    Understandably, when Nelcela began to raise the *Apple* case, the Court was frustrated that

10   it had not been previously raised.  What the Court failed to address, however, is that the      *Apple*

11   analysis should have been urged by the **Joint Parties** (namely **Lexcel**).  Because Lexcel is Plaintiff,

12   it was provided a very stringent standard to guide this Court prior to the "substantial similarity"

13   finding or the ruling that "copying took place as a matter of law."  *Apple, supra*, 35 F.3d at 1443.

14   Procedurally, Lexcel should have followed these steps/rules:

15          1.    **Lexcel** was supposed to identify for the Court the exact source(s) of the alleged

16                similarity between its work and Nelcela's work.  This could mean giving the Court

17                a specific list of all the alleged similarities.

18          2.    The Court would rely on Lexcel's list of similarities to perform an analytic dissection

19                and to determine if any of the alleged copying was done in "protected" features.

20          3.    After dissecting the alleged similarities and having considered the, "range of possible

21                expression" in the two codes, the Court would have to set the standard for "subjective

22                comparison" to decide if the works were similar or supported a finding of copying.

23                (The Court could use experts but **had** to dissect the codes.)

24   *Id., generally*, at 1443.

25          It was Lexcel (or the Joint Parties) who failed to meet its burden or point this Court in the

26   proper direction for analysis in this case.  *Id.*  While Nelcela regrets that the Court was misguided,

     Nelcela cannot be solely to blame.  *Id.*  Lexcel failed to provide the Court the proper tools for

1   analysis, and the Court's analysis **clearly** did not dissect any portions of the parties' source codes.

2   During trial, Nelcela proved that the vast majority (if not all) of the "substantial similarity"

3   in the two codes was dictated by VISA$^{TM}$ regulations, efficiency concerns in the "C" programming

4   language, industry standards, or **unprotectable** variable names which, again, were based on the

5   industry-standard regulations for similar credit card processing software(s).   *See*, fn. 1, *supra*.

6   Messrs. Kubitz (Lexcel) and Dollarhide (Nelcela) as well as Nelcela's expert witness, Jeffrey Pell,

7   (the only expert with a credit-card processing industry-specific background) testified that all of the

8   matching in the Merchant code(s) was limited to names of database files, variables, fields or tables,

9   and that the "matches" were derivative of the VISA$^{TM}$ regulations used to communicate directly with

10   VISA$^{TM}$ for processing transactions.   *Id.* Lexcel provided **no** controverting expert(s) or testimony.

11   The "matching" or "similarity" proved at trial is the **exact** type of similarity this Court should

12   have "dissected" before a jury heard evidence.   *Id.; see also Cybermedia, Inc. v. Symantec Corp*.,

13   19 F.Supp.2d 1070, 1077 (N.D. California 1998)("...unprotected elements must be identified and

14   filtered out before the works are compared.")  Any and all "functional considerations," any "code

15   dictated by efficiency concerns," (*i.e.*, standard "C" code) and "code derived from material found

16   in the public domain" (*i.e.*, the VISA$^{TM}$ regulations) **must** have been disregarded by the Court as

17   protected/protectable elements prior to ruling on copying/substantial similarity.   *Id., citing to*

18   *Computer Associates International, Inc. v. Altai, Inc*., 982 F.2d 693, 707-710 (2nd Cir. 1992); *see*

19   *also*, *Apple, supra*, 35 F.3d at 1439 (The court should have dissected elements of the programs that

20   "lack originality, flow naturally from basic ideas, or are one of the few ways in which a particular

21   idea can be expressed given the constraints of a computer environment."); *and, Brown Bag, supra*,

22   960 F.2d at 1476-77 (Court should dissect "standard components" of computer programs,  *e.g*.,

23   screens, menus, keystrokes, or any unprotected or unprotectable elements before making a finding

24   of substantial similarity, illicit copying or ownership.); *Pasillas, supra*, 927 F.2d at 443 (Court must

25   dissect all "standard elements" as no party may rely on standard items for copyright protection.)

26

1.      **Nelcela Should be Granted Judgment As a Matter of Law.**

8

As discussed above, Rule 50(b) allows Nelcela to renew its motion for judgment as a matter of law at this juncture because it was previously raised to the Court. (Docket No. 486)  This Court can enter judgment inconsistent with the jury verdict because the verdict is not supported by the evidence from trial nor the applicable law.  *See*, *Josephs, supra,* 443 F.3d at 1062 (Court can determine whether the evidence presented at trial permitted a reasonable conclusion contrary to the jury's verdict because verdict was based on erroneous standards of law on which it was instructed.); *see also*, *McLean, supra,* 222 F.3d at 1153 (Judgment as a matter of law is proper, notwithstanding the verdict, because the evidence permits a conclusion contrary to the verdict.); *Gilbrook v. City of Westminster*, 177 F.3d 839, 863 (9th Cir. 1999) (Renewed judgment as a matter of law can be granted because Nelcela raised the motion for judgment at the close of evidence.)

Nelcela properly raised judgment as a matter of law, relying on the *Apple* case and its progeny at the close of Lexcel's (the Joint Parties') evidence.  (Docket No. No. 486) Nelcela specifically asked this Court to remove its finding of "substantial similarity" for failure to apply the proper legal standard.  *Id.*; fn. 1, *supra*.  Nelcela also asked this Court to "clear up" the legal problem(s) and/or error(s) by properly instructing the jury before it deliberated on ownership. (Docket Nos. 489-490, 493-495)  Nelcela submitted Proposed Jury Instructions and a Summary of Claims that actually reflected the law applicable under *Apple* and related cases and asked the Court to properly instruct the jury prior to deliberation.  *Id.*  The Court refused to instruct the jury on *Apple* (or any other proper legal standard) and instead instructed that its findings of "substantial similarity" and "copying ... as a matter of law" were binding on the jury's decision/verdict.  (Docket No. 500)  This Court defined the jury's scope of deliberation, and that scope was clearly an error of law. *Apple, supra*, 35 F.3d 1435; *Brown Bag, supra,* 960 F.2d 1465; *Pasillas, supra,* 927 F.2d 440; *see also*, *Aliotti v. R. Dakin & Co.,* 831 F.2d 898, 901 (9th Cir. 1987) (The party claiming infringement may place, "no reliance upon any similarity in expression resulting from" unprotectable elements.) The issue having been properly and timely raised by Nelcela, the renewed judgment as a matter of law is now appropriate.  Rule 50(b) FRCP; *Gilbrook, supra,* 177 F.3d at 863 (Judgment as a matter

9

1  of law should be granted despite the jury verdict because there was no evidence at trial to support

2  that Lexcel was entitled to copyright protection or ownership of the alleged "similarities" in codes.)

3      Because all of the proof elicited at trial proved that the "copying" and/or "similarity" was in

4  unprotected elements, the only reasonable conclusion is that the jury verdict erroneously relied on

5  the Court's findings of "substantially similar" and that, "copying took place as a matter of law."

6  Those were incorrect instructions, contrary to the law, entitling Nelcela to judgment for ownership

7  of its own Merchant and Authorization systems as a matter of law.  *Apple, supra*, 35 F.3d 1435;

8  *Brown Bag, supra,* 960 F.2d 1465; *Pasillas, supra,* 927 F.2d 440; *Aliotti, supra,* 831 F.2d at 901;

9  *Harper House, supra,* 889 F.2d at 207-08 (the trier of fact cannot base any infringement decision

10  (include ownership) on unprotectable elements of another's work); *see also*, Rule 50(b) FRCP.

11

12      **2.      Alternatively, Nelcela Should be Granted a New Trial on Ownership.**

13      The only alternative to granting Nelcela judgment as a matter of law is to order a new trial

14  on the issue of ownership.  *See*, Rules 50(b), 59(a) FRCP.  Unlike a renewed motion for judgment

15  as a matter of law, when considering a new trial, this Court can evaluate the possible legal flaws on

16  which the jury deliberated.  *See, e.g., Landes Construction Co. v. Royal Bank of Canada*, 833 F.2d

17  1365, 1371 (9th Cir. 1987) (The standard for granting a new trial is far more lenient than that for

18  judgment as a matter of law, and the Court has wide discretion in evaluating the reasons a new trial

19  may be warranted.); *see also*, *Fount-Wip, Inc. v. Reddi-Wip, Inc.*, 568 F.2d 1296, 1302 (9th Cir. 1978)

20  (In granting a new trial, courts may weigh evidence, assess credibility, and the evidence does **not**

21  have to be viewed from the perspective most favorable to the non-moving party.)  Similar to Rule

22  60 relief, trial courts are permitted to grant partial new trials  (like a limited ownership trial) pursuant

23  to Rule 59 upon any such, "terms as are just." *See, Wharf v. Burlington Northern R. Co.*, 60 F.3d 631

24  (9th Cir. 1995).  And, a Rule 59 motion carries a lower burden than Rule 50(b) relief.  *Id.*  Even if

25  this Court disfavors granting judgment as a matter of law, a new "Phase I" trial is warranted.  *Id. all*.

26      This Court knew **before** the jury deliberated that the proper analytic dissection or *Apple*-type

analysis was not done.  *See, e.g.*, Docket Nos. 489-490, 493-495 (Nelcela moved for judgment as

a matter of law prior to jury deliberation; Nelcela specifically requested jury instructions that properly reflected the law and the explanations for "copying" despite the Court's erred summary judgment findings.); *see also*, fn. 1, *supra* (The Court clearly discussed *Apple* and the proper legal standards and concluded it simply would not apply *Apple* at this juncture because *Apple* was an infringement matter, not an "ownership" issue to be raised in Phase I.)   The Court even acknowledged that it will have to do a further analysis or dissection, but it placed the task of determining, "whether the software [in question] in fact is copyrightable" into Phase II of this case. *See*, fn. 1, *supra*.  Armed with the proper knowledge about how to "correct" any previous errors, the Court ignored the applicable law and referred the proper analysis for "Phase II." *Id.*  This Court must now weigh the evidence from trial to find that it did not support a legal finding on ownership.  The ownership verdict clearly relied on an error of law, and a new trial is warranted.  *See*, Rule 59 FRCP.

**III.     CONCLUSION**

Nelcela fully understands and appreciates this Court's frustration that the summary judgment rulings were error(s) of law.  Nelcela agrees that the *Apple* case and the proper analytic dissection should have been done months (if not years) prior to the jury trial on Phase I ownership.  However, Lexcel (or the Joint Parties) as the Plaintiff(s) had the duty of bringing the proper test(s) to the Court.  Nelcela cannot be punished for the Joint Parties' failure to properly advise the Court on the law.  Moreover, the Court should not have compounded the errors previously made by forcing the jury to rely on erroneous findings of "substantial similarity" and "copying as a matter of law" in reaching a verdict.  The Court knew of the errors and improper analysis     **before** jury instruction or jury deliberation and should have instructed the jury accordingly.  It was not proper to acknowledge that the prior rulings were in error, chastise Nelcela for not doing what Lexcel (or the Joint Parties) should have done, and to allow the jury to reach a verdict based on **known** errors of law.

Likewise, Nelcela understands that it has urged the statute of limitations matter six (6) times now and that the Court is frustrated.  Despite that frustration, this Court has a duty to apply the law

1    and the evidence from trial.  The evidence proved, in no uncertain terms, that Lexcel's copyright

2    claims accrued in June 2001 at the latest.  The law provides that Lexcel has lost **any** civil claim,

3    ownership included.  The Court cannot continue to push this issue to a "Phase II" determination

4    when there is no legally sufficient evidentiary basis to allow Lexcel's claims to continue.

5         For all of these reasons, Nelcela is entitled to judgment as a matter of law on the statute of

6    limitations defense against Lexcel.  Nelcela is also entitled to judgment as a matter of law,

7    notwithstanding the jury verdict, that it owns its Merchant and Authorization systems because the

8    trial evidence overwhelmingly proved that any and all "substantial similarity" or "copying" existed

9    in unprotected/ unprotectable elements of the parties' source codes.  The only alternative to granting

10   Nelcela judgment as a matter of law is that it must be granted a new trial on the ownership issue.

11   The Court must do the proper legal analysis and order a new trial **after** performing the proper

12   "analytic dissection" to determine the scope of copyright protection here.

13        Failure to grant Nelcela judgment as a matter of law or a new trial will absolutely lead to

14   reversible error.

15        **RESPECTFULLY SUBMITTED** this 7th day of May, 2007.

16                                          **RONAN & FIRESTONE, PLC**

17

18                                           /s/ Veronica L. Manolio
                                            Merrick B. Firestone
19                                          Veronica L. Manolio
                                            9300 E. Raintree Drive, Suite 120
20                                          Scottsdale, Arizona 85260
                                            *Attorneys for the Nelcela Defendants*

21

22

23   **ORIGINAL** filed electronically with the Clerk's Office
     and **COPIES** electronically transmitted to the following
24   CM/ECF registrants this same date to:

25   Nicholas J. DiCarlo
     ndicarlo@thedcpfirm.com
26   *Local Counsel  for Merchant Transaction Systems*

     William McKinnon

1   mail@williammckinnon.com
    *Attorney for Merchant Transaction Systems*

2

3   Peter D. Baird
    pbaird@lrlaw.com
    Robert H. McKirgan

4   rmckirgan@lrlaw.com
    Richard A. Halloran

5   Rhalloran@lflaw.com
    Kimberly Demarchi

6   Kdemarchi@lrlaw.com
    *Attorneys for POST and Ebocom*

7

8   George C. Chen
    gcchen@bryancave.com  or
    george.chen@bryancave.com

9   *Attorneys for Lexcel, Inc.*

10

    By: __/s/ Diana Renteria__

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26