Peter D. Baird (001978)
 pbaird@lrlaw.com
Robert H. McKirgan (011636)
 rmckirgan@lrlaw.com
Richard A. Halloran (013858)
 rhalloran@lrlaw.com
Kimberly A. Demarchi (020428)
 kdemarchi@lrlaw.com
Lewis and Roca LLP
40 North Central Avenue
Phoenix, Arizona  85004-4429
Facsimile (602) 734-3746
Telephone (602) 262-5311
Attorneys for POST Integrations, Inc., *et al.*

George C. Chen (019704)
 george.chen@bryancave.com
Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Tel:  (602) 364-7367
Fax: (602) 364-7070
Attorneys for Lexcel, Inc. and Lexcel Solutions, Inc.

William McKinnon
 mail@williammckinnon.com
800 East Ocean Boulevard, Unit 501
Long Beach, California  90802-5449

Nicholas J. DiCarlo (016457)
 ndicarlo@thedcpfirm.com
DiCarlo Caserta & Phelps PLLC
6750 East Camelback Road, Suite 100-A
Scottsdale, Arizona  85251

Attorneys for Plaintiff MTSI and
Third Party Defendant Gene Clothier

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

|  |  |
|---|---|
| **Merchant Transaction Systems, Inc**., <br><br>                              Plaintiff, <br><br> vs. <br><br> **Nelcela, Inc**., *et al.*, <br>                              Defendants. <br> ───────────────────────────── <br> And Related Counterclaims, Cross-Claims, <br> and Third-Party Claims. | No. CIV 02-1954-PHX-MHM <br><br> **THE JOINT PARTIES' MOTION FOR PARTIAL SUMMARY JUDGMENT ON NELCELA'S CLAIMS OF COPYRIGHT INFRINGEMENT, CONVERSION, AND AIDING AND ABETTING TORTIOUS CONDUCT** |

          The Lexcel Parties (Lexcel, Lexcel Solutions, Carl Kubitz, and Flora Kubitz),

POST Parties (POST Integrations, Ebocom, Mary Gerdts, and Douglas McKinney), and

MTSI Parties (Merchant Transaction Systems, Gene Clothier, and Tone Clothier)

(collectively "the Joint Parties") move for summary judgment on Nelcela's counterclaims

and cross-claims alleging copyright infringement and conversion[1] and on the Nelcela

Parties' third-party claims alleging aiding and abetting of copyright infringement and

---

[1] Nelcela *et al*.'s First Amended Answer, Counterclaims, Cross-Claims and Third-Party Claims (Dckt. 83) ("Nelcela Counterclaim Against MTSI & POST") at 17-19, Counts One and Two; *id.* at 37-39, Counts Three and Four;  Nelcela *et al.*'s Answer, Counterclaim Against Lexcel, Inc. and Lexcel Solutions, Inc., and Third-party Complaint Against Carl Kubitz and Flora "Pete" Kubitz (Dckt. 399) ("Nelcela Counterclaim Against Lexcel") at 11-14, Counts Two and Four.

1830936.2

**LEWIS**
**AND**
**ROCA**
— LLP —
L A W Y E R S

1    conversion.[2]  Summary judgment is appropriate on these claims because the jury has

2    found that Nelcela does not own the so-called "Nelcela Merchant System."  Absent

3    ownership, the Nelcela Parties cannot prevail on their claims of infringement or

4    conversion.  This Motion is supported by the following Memorandum of Points and

5    Authorities and the accompanying Separate Statement of Facts.

6                          **MEMORANDUM OF POINTS AND AUTHORITIES**

7            On September 30, 2006, this Court ruled that "Based upon the undisputed

8    similarities between the Lexcel 2001 software, MTSI software and Nelcela software the

9    Court finds that as a matter of law that they are substantially similar beyond the

10   possibility of random chance and that copying took place."  (Separate Statement of Facts

11   ("SOF") ¶ 1).  The case then proceeded to trial to determine who copied from whom.

12   The jury determined that Nelcela copied the software from Lexcel, and entered its verdict

13   that Lexcel owns the software.  (SOF ¶ 3).  The jury's verdict that Lexcel, rather than

14   Nelcela, owns the software is dispositive of Nelcela's claims against the Joint Parties for

15   copyright infringement and conversion.

16   **I.     THE JOINT PARTIES ARE ENTITLED TO SUMMARY JUDGMENT ON**
17   **        NELCELA'S CLAIMS OF COPYRIGHT INFRINGEMENT AND**
     **        CONVERSION**

18           "To establish copyright infringement, the holder of the copyright must prove both

19   valid ownership of the copyright and infringement of that copyright by the alleged

20   infringer."  *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc*., 122

21   F.3d 1211, 1217 (9th Cir.1997), *cert. denied*, 523 U.S. 1021 (1998).  Here, the jury has

22   determined that Nelcela does not own the "Nelcela Merchant System."  (SOF ¶¶ 3, 5-8).

23   Absent ownership, Nelcela cannot establish its copyright infringement claims against any

24   of the Joint Parties.  *Entertainment Research Group*, 122 F.3d at 1217.

25           Likewise, Nelcela's lack of ownership also defeats its claims of conversion.

26   "'Conversion is an intentional exercise of dominion or control over a chattel which so

27   

28   _____

     [2] Nelcela Counterclaim Against MTSI & POST, Counts One and Two (Dckt. 83 at 50-
     52); Nelcela Counterclaim  Against Lexcel, Count Three (Dckt. 399 at 12-13).

                                              2



LEWIS
AND
ROCA
LLP
L A W Y E R S

1   seriously interferes with the right of another to control it that the actor may justly be

2   required to pay the other the full value of the chattel.'"  *Miller v. Hehlen*, 209 Ariz. 462,

3   472, ¶ 34, 104 P.3d 193 (Ariz.App. 2005) (quoting RESTATEMENT (SECOND) TORTS

4   § 222A(1)).  Here, Nelcela had no right to control the "Nelcela Merchant System."

5   Rather, Nelcela copied that software from the Lexcel Software without Lexcel's consent,

6   in violation of the U.S. Copyright laws.  *See* 17 U.S.C. § 106.  As the jury has found,

7   Lexcel, not Nelcela, owns the software, and thus has exclusive rights to control the

8   software.  *Id.*  Absent the right to control the software, Nelcela cannot pursue claims for

9   alleged conversion of the software.  *Miller*, 209 Ariz. at 472 ¶ 34.

10          Summary judgment is also warranted on Nelcela's conversion claims because the

11   Joint Parties have not deprived Nelcela of possession of the software.  *Id.*  As shown by

12   the exhibits marked at trial, Nelcela continues to this day to possess a copy of the

13   "Nelcela Merchant System" software.  (SOF ¶ 9).  What Nelcela alleges in its conversion

14   claims is not disruption of possession of the software, as required for a claim of

15   conversion, but rather copying of the software, which falls outside the realm of a claim of

16   conversion.  Specifically, Nelcela claims that (a) Lexcel "'licensed' Nelcela's

17   copyrighted software to others, including Post, without paying and/or compensating

18   Nelcela for the copyrighted software"; (b) MTSI licensed software to POST "without

19   properly paying Nelcela and/or compensating Nelcela in any way for the copyrighted

20   software it legally owns"; (c) MTSI and POST have "modified the Nelcela copyrighted

21   software"; and (d) MTSI and POST have "use[d] the software to process credit card

22   transactions."  (SOF ¶¶ 10-12).  These allegations involve the exclusive rights of

23   copyright holders to modify, license, and copy the software, *e.g.,* 17 U.S.C. § 106, and

24   therefore are governed exclusively by the U.S. Copyright laws.  17 U.S.C. § 301(a).

25   Thus, Nelcela's conversion claims fail because Nelcela does not own the software.

26   *Entertainment Research Group*, 122 F.3d at 1217.

27          Accordingly, the Joint Parties are entitled to summary judgment on Nelcela's

28   claims of copyright infringement and conversion.

3

1830936.2



LEWIS
AND
ROCA
—— LLP ——
L A W Y E R S

## II. THE JOINT PARTIES ARE ENTITLED TO SUMMARY JUDGMENT ON NELCELA'S CLAIMS OF AIDING AND ABETTING COPYRIGHT INFRINGEMENT AND CONVERSION

A claim of aiding and abetting tortious conduct requires proof, among other things, that a primary tortfeasor committed a tort that caused injury to the plaintiff. *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 485 ¶ 34, 38 P.3d 12 (2002). Here, this element is missing. As explained in the previous Section, the Joint Parties have not engaged in copyright infringement or conversion, so there was no tort that could be aided or abetted. Consequently, Nelcela cannot establish its claims of aiding and abetting. *Wells Fargo*, 201 Ariz. at 485 ¶ 34.

Accordingly, summary judgment should be entered in favor of the Joint Parties on these claims.

## III. THE JOINT PARTIES' PENDING MOTION TO STRIKE

The Joint Parties have pending before this Court a Motion to Strike Nelcela's Affirmative Defenses, Counterclaims, and Third-Party Complaint (Dckt. 410) which asks the Court to strike and/or dismiss all of Nelcela's claims against the Lexcel Parties, including, but not limited to, Counts Two, Three, and Four of Nelcela's Counterclaims and Third-Party Complaint against the Lexcel Parties (Dckt. 399 at 11-14; Dckt. 410 at 2-7), which are the subject of this Motion. If the Court grants the Joint Parties' Motion to Strike, then the Court does not need to address the relief requested by the Lexcel Parties in this Motion. Alternatively, the Court may grant the Lexcel Parties' requested relief based on this Motion and the Joint Parties' Motion to Strike (Dckt. 410).

## IV. CONCLUSION

For the foregoing reasons, this Court should enter summary judgment in favor of the Lexcel, POST, and MTSI Parties and against the Nelcela Parties on Nelcela's claims of copyright infringement, conversion, and aiding and abetting.

4

1830936.2

LEWIS
AND
ROCA
—— LLP ——
L A W Y E R S

1            RESPECTFULLY SUBMITTED May 17, 2007.

2 BRYAN CAVE LLP            LEWIS AND ROCA LLP

3 By  *s/ George C. Chen*       By  *s/ Richard A. Halloran*
   George C. Chen                 Peter D. Baird

4 Attorneys for Lexcel, Inc. and Lexcel     Robert H. McKirgan
Solutions, Inc.                    Richard A. Halloran

5                                   Kimberly A. Demarchi
                                Attorneys for POST Integrations, Inc.,

6 DICARLO CASERTA & PHELPS PLLC    Ebocom, Inc., Mary L. Gerdts, and Douglas
   Nicholas J. DiCarlo             McKinney

7            and

8 LAW OFFICES OF WILLIAM
McKINNON

9

10 By  *s/ William McKinnon*
   William McKinnon

11 Attorneys for Merchant Transaction
Systems, Inc., Gene Clothier, and Tone

12 Clothier

13                  **CERTIFICATE OF SERVICE**

14       I hereby certify that on May 17, 2007, I electronically transmitted the attached
document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

15 Notice of Electronic Filing to the following CM/ECF registrants:

16       Merrick B. Firestone, Esq.

17       m.firestone@ronan-firestone.com
      Veronica L. Manolio, Esq.

18       vmanolio@ronan-firestone.com
      RONAN & FIRESTONE, PLC

19       9300 East Raintree Drive, Suite 120
      Scottsdale, Arizona  85260

20       Attorneys for Defendants Nelcela Incorporated,
        Alec & Diane Dollarhide, and

21         Len & Helga Terry Campagna

22 s/     Diana Clauser

23

24

25

26

27

28

1830936.2