Peter D. Baird (001978)
  pbaird@lrlaw.com
Robert H. McKirgan (011636)
  rmckirgan@lrlaw.com
Richard A. Halloran (013858)
  rhalloran@lrlaw.com
Kimberly A. Demarchi (020428)
  kdemarchi@lrlaw.com
Lewis and Roca LLP
40 North Central Avenue
Phoenix, Arizona  85004-4429
Facsimile (602) 734-3746
Telephone (602) 262-5311
Attorneys for POST Integrations, Inc., Ebocom, Inc.,
Mary Gerdts, and Douglas McKinney

George C. Chen (019704)
  george.chen@bryancave.com
Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Tel:  (602) 364-7367
Fax: (602) 364-7070
Attorneys for Lexcel, Inc., Lexcel Solutions, Inc., and
Carl and Flora Kubitz

William McKinnon
  mail@williammckinnon.com
800 East Ocean Boulevard, Unit 501
Long Beach, California  90802-5449

Nicholas J. DiCarlo (016457)
  ndicarlo@thedcpfirm.com
DiCarlo Caserta & Phelps PLLC
6750 East Camelback Road, Suite 100-A
Scottsdale, Arizona  85251

Attorneys for Plaintiff MTSI and
Third Party Defendant Gene Clothier

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Merchant Transaction Systems, Inc.**, <br><br>                    Plaintiff, <br><br>   vs. <br><br> **Nelcela, Inc.**, *et al.*, <br><br>                    Defendants. <br><br> And Related Counterclaims, Cross-Claims, and Third-Party Claims. | No. CIV 02-1954-PHX-MHM <br><br> **THE JOINT PARTIES' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE CLAIMS FORECLOSED BY THE DETERMINATION OF OWNERSHIP IN PHASE I** |

The Lexcel Parties (Lexcel, Lexcel Solutions, Carl Kubitz, and Flora Kubitz), POST Parties (POST Integrations, Ebocom, Mary Gerdts, and Douglas McKinney), and MTSI Parties (Merchant Transaction Systems, Gene Clothier, and Tone Clothier) (collectively "the Joint Parties") move for summary judgment on those of the Nelcela Parties' claims that are precluded by the Phase I determination that Nelcela does not own the computer software at issue in this case.  This Motion is supported by the following Memorandum of Points and Authorities and the accompanying Separate Statement of Facts.

2043646.6

**MEMORANDUM OF POINTS AND AUTHORITIES**

Phase I – the ownership phase of this Lawsuit – is complete. On March 18, 2009, this Court entered its Order finding that "the issue of copyright ownership has been determined; Lexcel owns the identified and copyrightable portions of the Merchant and Authorization systems at issue in this case." (Docket no. 607, Order at 3, 32.) That determination forecloses the Nelcela Parties' claims for relief in this lawsuit.

**I.     The Nelcela Parties' Claims that Are Predicated on Ownership of the Software Are Foreclosed by the Phase I Ownership Determination.**

The determination in Phase I that Nelcela does not own the software at issue in this lawsuit is dispositive of the following claims.

*Copyright Infringement*.[1]  Ownership of the copyrighted expression is a prerequisite to a claim of copyright infringement. *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir.1997). Because the Court and jury have found that Nelcela does not own the copryrightable software at issue in this lawsuit, the Nelcela Parties cannot maintain claims for copyright infringement.

The Court has already disposed of Nelcela's copyright infringement claims against Lexcel and MTSI due to Nelcela's lack of ownership of the software.[2] (Docket no. 607, Order at 32.) Nelcela's copyright infringement claim against POST and Ebocom is similarly ready for disposition. As found by the Court, "Nelcela was afforded a full and fair opportunity during Phase I to identify the material in the Nelcela software that it contends is original and was copied by the Joint Parties; the Court need not consider any new arguments with respect to ownership at this late stage." (*Id.*) During Phase I, Nelcela identified only a single computer file – named "bnkmerch.pbl" – containing code which is allegedly common between the Nelcela and POST software. (SOF ¶ 7; *see also id.* at ¶ 8 (Nelcela's statement that "Nelcela does not dispute the finding in the September

---

[1]  Nelcela's Crossclaim Against POST and Ebocom, Count 4 (docket no. 83).

[2]  Nelcela's Counterclaim Against MTSI, Count 1 (docket no. 83); Nelcela's Counterclaim and Third-Party Claim Against the Lexcel Parties, Count 4 (docket no. 399).

2

30, 2006 Order that only 'bankmerch.pbl' is common between Post and Nelcela.").) That computer file is part of the Nelcela Merchant System software at issue in this case. (SOF ¶¶ 1-2, 12-15, 20.) Phase I has determined that Nelcela does not own the Merchant systems at issue in this case. (Docket no. 607, Order at 32:3-5.) Absent ownership of the software, Nelcela cannot prevail on its copyright infringement claim against POST and Ebocom. *Entertainment Research*, 122 F.3d at 1217. Therefore, summary judgment should be entered on Nelcela's copyright infringement claim in favor of POST and Ebocom and against Nelcela.

*Conversion*.[3] Nelcela's conversion claims are likewise founded on its contention that it owned the software at issue. (SOF at ¶ 29; *see also* docket no. 607, Order at 33.) The Court has already disposed of Nelcela's conversion claims against Lexcel and MTSI due to Nelcela's lack of ownership of the software.[4] (Docket no. 607, Order at 33.) For the same reasons, the Court should grant summary judgment to POST and Ebocom on Nelcela's conversion claim.

*Misappropriation of Trade Secrets*.[5] Nelcela alleges in its claims for misappropriation of trade secrets that Nelcela "legally obtained copyrights by making application to the Registrar of Copyrights" regarding the software at issue in this lawsuit, and that the software constitutes a trade secret that was owned by Nelcela. (SOF ¶ 24; *see also* A.R.S. § 44-401(2) (defining misappropriation as acquiring or disclosing the trade secret "of another").) Because the jury has found Nelcela does not own the Nelcela software, the Nelcela Parties' claims for misappropriation of trade secrets likewise fail. Summary judgment should therefore be entered in favor of the Joint Parties on Nelcela's trade secrets claims.

---

[3] Nelcela's Crossclaim Against POST and Ebocom, Count 5.

[4] Nelcela's Counterclaim Against MTSI, Count 2; Nelcela's Counterclaim and Third-Party Claim Against the Lexcel Parties, Count 2.

[5] Nelcela's Counterclaim and Third-Party Claim Against the Lexcel Parties, Count 5 (docket no. 399); Nelcela's Counterclaim Against MTSI, Count 5 (docket no. 83); Nelcela's Crossclaim Against POST and Ebocom, Count 8.

***Declaratory Judgment***.[6]  Nelcela pled declaratory claims against the Lexcel Parties, POST, and MTSI, seeking a determination that it is the owner of the Nelcela software.  (SOF ¶ 30.)  The Court and jury have now resolved the ownership issue against Nelcela, and the Nelcela Parties' declaratory judgment claims therefore fail.  Accordingly, summary judgment should be entered in favor of the Joint Parties on Nelcela's claims for declaratory relief.

***Unfair Competition***.[7]  The Nelcela Parties allege that Lexcel Parties, POST, and MTSI engaged in unfair competition by making statements to unidentified third-parties that Nelcela did not own the software.  (SOF ¶ 25.)  An unfair competition claim requires proof of "a false representation tending to induce buyers to believe that the defendant's product is that of the plaintiff."  *Fairway Constructors, Inc. v. Ahern*, 193 Ariz. 122, 124, 970 P.2d 954 (App. 1998) (quoting W. PAGE KEETON ET AL., PROSSER & KEETON ON THE LAW OF TORTS § 130 at 1015 (5th ed. 1984)).  Based on the Phase I determination that Nelcela does not, in fact, own the software, the factual predicate of Nelcela's unfair competition claims cannot be proven and the claims fail.  Summary judgment should thus be entered in favor of the Joint Parties on the Nelcela Parties' unfair competition claims.

***Fraud***;[8] ***Negligent Misrepresentation***.[9]  The Nelcela Parties' fraud and negligent misrepresentation claims against the Joint Parties likewise depend on factual assertions inconsistent with the jury's determination that Nelcela does not own the Nelcela software.  The Nelcela Parties' claims are based, in part, on the contention that the Lexcel Parties, MTSI, and POST made false statements indicating that Nelcela did not own the

---

[6] Nelcela's Counterclaim and Third-Party Claim Against the Lexcel Parties, Count 7; Nelcela's Counterclaim Against MTSI, Count 9; Nelcela's Crossclaim Against POST and Ebocom, Count 12.

[7] Nelcela's Counterclaim and Third-Party Claim Against the Lexcel Parties, Count 6; Nelcela's Counterclaim Against MTSI, Count 6; Nelcela's Crossclaim Against POST and Ebocom, Count 9.

[8] Nelcela's Counterclaim and Third-Party Claim Against the Lexcel Parties, Count 1; Nelcela's Counterclaim Against MTSI, Count 7; Nelcela's Crossclaim Against POST and Ebocom, Count 10.

[9] Nelcela's Counterclaim Against MTSI, Count 8; Nelcela's Crossclaim Against POST and Ebocom, Count 11.

2043646.6

Nelcela software at issue in this lawsuit. (SOF ¶ 26-28.) The Court and jury have now determined that Nelcela does not own the software, so the statements at issue cannot form the basis of a claim for fraud or negligent misrepresentation. *Echols v. Beauty Built Homes, Inc.*, 132 Ariz. 498, 500, 647 P.2d 629, 631 (1982) (falsity of representation is an element of fraud claim); *St. Joseph's Hospital & Medical Center v. Reserve Life Ins. Co.*, 154 Ariz. 307, 312, 742 P.2d 808, 813 (1987) (tort of negligent misrepresentation involves a false representation).

The fraud and negligent misrepresentation claims are also based on an assertion that POST and MTSI conspired to defraud Nelcela of the ownership of the Nelcela software. (SOF ¶¶ 26-28.) Because Nelcela does not own the software, it cannot have been damaged by such actions, and its fraud and negligent misrepresentation claims fail for that reason also. *Echols*, 132 Ariz. at 500, 647 P.2d at 631 (fraud claim requires proof of damages caused by representation); *St. Joseph's Hospital*, 154 Ariz. at 312, 742 P.2d at 813 (same for negligent misrepresentation).

The Joint Parties are therefore entitled to entry of summary judgment on the Nelcela Parties' fraud and misrepresentation claims.

***Defamation***;[10] ***Injurious Falsehood***.[11]   The Nelcela Parties' claims for defamation and injurious falsehood, like their claims for fraud and negligent misrepresentation, center on alleged false statements by the Joint Parties that the Nelcela Parties do not own the Nelcela software. (SOF ¶¶ 31-32.) Now that such statements have been found, by the jury's verdict and the Court's Order, to be true, they cannot form the basis of a claim for defamation or injurious falsehood. *Read v. Phoenix Newspapers, Inc.*, 169 Ariz. 353, 355, 819 P.2d 939, 941 (1991) (truth is an absolute defense to a defamation claim); *Aldabbagh v. Dep't of Liquor Licenses*, 162 Ariz. 415, 421, 783 P.2d

---

[10] Nelcela Parties' Third-Party Claims Against Mary Gerdts, Douglas McKinney, Gene Clothier and Jane Doe Clothier, Count 3 (Dckt. 83).

[11] Nelcela Parties' Third-Party Claims Against Mary Gerdts, Douglas McKinney, Gene Clothier and Jane Doe Clothier, Count 4.

2043646.6

1207, 1213 (App. 1989) (claim for injurious falsehood requires proof that the statement was false).

The Joint Parties are therefore entitled to entry of summary judgment on the Nelcela Parties' defamation and injurious falsehood claims.

***Intentional Interference with Contract*;[12] *Intentional Interference with Prospective Economic Advantage*.**[13]  The Nelcela Parties contend that MTSI and POST intentionally interfered with Nelcela's contracts and prospective economic advantage by representing that Nelcela did not own the Nelcela software.  (SOF ¶¶ 22-23.)  Because Phase I has now resolved that Nelcela does not, in fact, own the Nelcela software at issue in this lawsuit, any representations to that effect by MTSI or POST were not improper and therefore cannot form the basis of a claim of improper interference with contractual or economic relations.  Providing truthful information cannot form the basis of a claim for either intentional interference with contract or intentional interference with prospective economic relations.  RESTATEMENT (SECOND) OF TORTS § 772 (giving truthful information does not constitute improper interference); *see also Bar J Bar Cattle Co. v. Pace*, 158 Ariz. 481, 483-84, 763 P.2d 545, 547-48 (App. 1988)  (claim for intentional interference with contract requires a showing that the defendant's actions not only interfered with contract but were improper).  Consequently, summary judgment should be entered in favor of MTSI and POST on the Nelcela Parties' claims for intentional interference with contract and intentional interference with prospective economic advantage.

---

[12] Nelcela's Counterclaim Against MTSI, Count 3; Nelcela's Crossclaim Against POST and Ebocom, Count 6.

[13] Nelcela's Counterclaim Against MTSI, Count 4; Nelcela's Crossclaim Against POST, Count 7.

6

## II. Because Their Primary Claims Against the Joint Parties Fail, Nelcela's Derivative Liability Claims Likewise Fail.

*Aiding and Abetting Copyright Infringement*.[14]  A claim of aiding and abetting tortious conduct requires proof, among other things, that a primary tortfeasor committed a tort that caused injury to the plaintiff.  *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 485 ¶ 34, 38 P.3d 12, 21 (2002).  Here, Nelcela's inability to prove copyright infringement (in light of the Court and jury's ownership determination) is likewise fatal to Nelcela's claim of aiding and abetting copyright infringement.  Indeed, the Court has already disposed of Nelcela's aiding and abetting tortious conduct claim against the Lexcel Parties due to Nelcela's lack of ownership of the software.  (Docket no. 607, Order at 31-32, 34.)  Summary judgment should therefore be entered in favor of the MTSI Parties and the POST Parties on the Nelcela Parties' claim of aiding and abetting copyright infringement.

*Aiding and Abetting Conversion*.[15]  Just as with the claim of aiding and abetting copyright infringement, because Nelcela cannot establish its claims for conversion given Nelcela's lack of ownership of the software, it cannot sustain a claim for aiding and abetting such conversion.  *Wells Fargo*, 201 Ariz. at 485 ¶ 34, 38 P.3d at 21.  As mentioned above, the Court has already disposed of Nelcela's aiding and abetting tortious conduct claim against the Lexcel Parties due to Nelcela's lack of ownership of the software.  (Docket no. 607, Order at 31-32, 34.)  Summary judgment is thus warranted in favor of the MTSI Parties and the POST Parties on the Nelcela Parties' claim of aiding and abetting conversion.

*Piercing the Corporate Veil/Alter Ego*.[16]  Nelcela pled a claim for alter ego liability, seeking to hold Gene Clothier personally liable for any liability of MTSI.  (SOF

---

[14] Nelcela Parties' Third-Party Claims Against Mary Gerdts, Douglas McKinney, Gene Clothier and Jane Doe Clothier, Count 1.

[15] Nelcela Parties' Third-Party Claims Against Mary Gerdts, Douglas McKinney, Gene Clothier and Jane Doe Clothier, Count 2.

[16] Nelcela's Counterclaim Against MTSI, Count 10.

7

2043646.6

(¶ 34.)  As set forth above, none of the Nelcela Parties' claims against MTSI can be sustained after the Phase I ownership determination.  Therefore, even if the Nelcela Parties could prove the elements of an alter ego liability claim, there would be no underlying liability on the part of MTSI for which Mr. Clothier could be held responsible.  The alter ego liability claim must therefore be dismissed.

**III.   The Nelcela Parties Cannot Recover Damages For The Use, Sale, or Customization of Software They Did Not Own.**

The Nelcela Parties have asserted state law claims against POST for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment regarding the Nelcela Merchant System software.[17]  All of these claims arise out of the course of dealings between Nelcela and POST in late 2000 and early 2001, during which time Nelcela alleges to have modified the software and used the software to provide processing services for which it now seeks payment through these causes of action.  (SOF ¶¶ 35-37.)

As with the claims addressed above, these claims fail because Nelcela did not own the software it was using and purporting to sell to POST.  Consequently, these claims are precluded by the Copyright Act.  17 U.S.C. § 106 (owner of copyrighted work has exclusive right to reproduce, distribute, modify, and sell the work); 17 U.S.C. § 117(a), (b) (adaptation and sales of computer software of the sort alleged by Nelcela are prohibited by 17 U.S.C. § 106).[18]

The Nelcela Parties' unjust enrichment claim is also foreclosed by the doctrine of unclean hands.  *See Barr v. Petzhold*, 77 Ariz. 399, 407-08, 273 P.2d 161, 166 (1954) (plaintiff cannot recover in equity if it acted with unclean hands itself regarding the conduct for which it now seeks compensation); *see also Trustmark Ins. Co. v. Bank One,*

---

[17] Nelcela's Cross-Claim Against POST, Counts 1, 2, and 3.

[18] To use computer software, the software must be loaded into a computer's memory, which amounts to copying of the software in violation of 17 U.S.C. § 106.  *MAI Sys. Corp. v. Peak Computer, Inc.,* 991 F.2d 511, 518 (9th Cir.1993).

8

*Arizona, NA*, 202 Ariz. 535, 541, 48 P.3d 485, 491 (App. 2002) (unjust enrichment claim sounds in equity).

POST is therefore entitled to summary judgment on the Nelcela Parties' claims for breach of contract, breach of the duty of good faith and fair dealing, and unjust enrichment.

**IV.   Conclusion.**

For the foregoing reasons, this Court should enter summary judgment against the Nelcela Parties on all of their claims that are foreclosed by the ownership determination in Phase I that Nelcela does not own the software at issue in this case. Because that ownership issue has now been fully resolved, no further reason for delay in the entry of judgment exists, and the Joint Parties hereby request that a partial final judgment on those claims be entered pursuant to Fed. R. Civ. P. 54(b). A proposed form of order for entry of partial final judgment has been submitted herewith.

RESPECTFULLY SUBMITTED April 28, 2009.

| | |
|---|---|
| BRYAN CAVE LLP | LEWIS AND ROCA LLP |
| By  s/ *George C. Chen*<br>     George C. Chen<br>Attorneys for Lexcel, Inc., Lexcel<br>Solutions, Inc., and Carl and Flora Kubitz | By  s/ *Kimberly A. Demarchi*<br>     Peter D. Baird<br>     Robert H. McKirgan<br>     Richard A. Halloran<br>     Kimberly A. Demarchi<br>Attorneys for POST Integrations, Inc.,<br>Ebocom, Inc., Mary L. Gerdts, and Douglas McKinney |
| LAW OFFICES OF WILLIAM McKINNON<br>     William McKinnon<br>          and<br>DICARLO CASERTA & PHELPS PLLC<br><br>By  s/ *Nicholas J. DiCarlo*<br>     Nicholas J. DiCarlo<br>Attorneys for Merchant Transaction Systems, Inc. and Gene Clothier | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Merrick B. Firestone
>m.firestone@ronan-firestone.com
>Veronica L. Manolio
>vmanolio@kmflawfirm.com
>Kelhoffer, Manolio and Firestone
>9300 East Raintree Drive, Suite 120
>Scottsdale, Arizona  85260
>
>Ray K. Harris
>rharris@fclaw.com
>Fennemore Craig PC
>3003 North Central Avenue
>Phoenix, Arizona  85012
>
>Attorneys for Defendants Nelcela Incorporated,
>   Alec & Diane Dollarhide, and
>   Len & Helga Terry Campagna

s/      Debi Garrett

2043646.6