**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MERCHANT TRANSACTION SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NELCELA, INC., an Arizona Corporation; LEN CAMPAGNA, an Arizona resident; ALEC DOLLARHIDE, an Arizona resident; EBOCOM, INC., a Delaware Corporation; POST INTEGRATIONS, INC., an Illinois Corporation, <br><br> Defendants. <br><br> And Related Counterclaims, Cross-Claims, and Third-Party Claims. | Case No. CV 02-1954-PHX-MHM <br><br> **ORDER** |

The Court is in receipt of the Parties' Joint Proposed Pretrial Order, Motions in Limine, and Trial Briefs. After reviewing the pleadings, the Court issues the following order.[1]

**IT IS HEREBY ORDERED** clarifying the Court's remark in footnote 11 of the Court's June 25, 2009 order (Dkt. #636, p.21) to ensure the parties do not operate under a misunderstanding of the law of the case. For the last time, Phase I is over and the issue of

---

[1] The remaining issues will be taken up at the Final Pretrial Conference currently set on July 17, 2009 at 2:30 p.m.

1  ownership has been decided:  Lexcel owns the merchant and authorization systems at
2  issue in this case; Nelcela, MTSI, POST, and Ebocom do not.  Thus, regardless of the
3  Phase II jury verdict, the Nelcela Parties will not own the protectable elements of the
4  merchant and authorization systems.  However, assuming that the Phase II jury finds that
5  the Nelcela software does not infringe Lexcel's copyright, then it appears that the Nelcela
6  Parties may be able to pursue their remaining state law claims.  (Dkt. #636, pp. 19-22).
7  The Court used "owned" in footnote 11 for the limited purpose of suggesting that in the
8  event of noninfringement the Nelcela Parties might be able to prove that they had a right
9  to possess and sell or license their software.

**IT IS FURTHER ORDERED** that the standard for copyright infringement set forth by this Court need not be clarified.  The standard in the Court's June 25, 2009 and March 18, 2009 orders is the same – here, under the intrinsic test, the trier of fact must compare the protectable elements of the software for virtually identical copying.  That means, as explained in the Court's March 18, 2009 order, that the trier of fact must determine whether *the protectable elements* of the merchant and authorization systems differ by no more than a trivial degree.  (Dkt. #607, p.30).  "[M]ere dissimilarity of [the software] will not relieve [the Nelcela Parties] of liability[.]" O.P. Solutions, Inc. v. Intellectual Property Network, Ltd., 1999 WL 47191, at *21 (S.D.N.Y. 1999).  "It is only when the similarities between the protected elements of [Lexcel's] [software] and the [Nelcela Parties'] [software] are of small import quantitatively or qualitatively that [Nelcela Parties] will be found innocent of infringement." Williams v. Crichton, 84 F.3d 581, 587 (2d Cir. 1996) (internal quotation marks omitted).  Thus, "it is for the trier of fact to determine (1) whether the protectable elements of the two programs differ in more

/ / /

than a trivial degree and, (2) if not, whether those elements are of sufficient import to the works as a whole to render the [Nelcela Parties] guilty of infringement." O.P. Solutions, 1999 WL 47191, at *21.

DATED this 2nd day of July, 2009.

Mary H. Murguia
United States District Judge