___ FILED    ___ LODGED
___ RECEIVED    ___ COPY

AUG 2 8 2009

CLERK ___ DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1
2
3
4
5

6                IN THE UNITED STATES DISTRICT COURT

7                     FOR THE DISTRICT OF ARIZONA

8

9  Merchant Transaction Systems, Inc.,      )    CV 02-1954-PHX-MHM

10              Plaintiff,                   )    **JURY INSTRUCTIONS**

11  vs.                                      )

12                                           )

13  Nelcela, Inc., et al.,                   )

14              Defendants.                  )

15  _____         )

16  And Related Counterclaims and Cross-     )
    Claims and Third-Party Claims            )

17

18

19  _____

20          **INSTRUCTIONS AS GIVEN BY THE COURT**

21  _____

22

23

24          DATED this 26th day of August, 2009.

25

26

27          _____
                    Mary H. Murguia
28                United States District Judge

## 1. Duty of Jury to Find Facts and Follow Law

Members of the Jury:

Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do – or have said or done – as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1

## 2. Preponderance of Evidence

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### 3. Clear and Convincing Evidence

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

### 4. Two or More Parties - Different Legal Rights

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

## 5. What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

## 6. What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

### 7. Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## 8. Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

### 9.  Corporations and Partnerships - Fair Treatment

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

### 10. Liability of Corporations

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

### 11. Work Made for Hire

A work made for hire is one that is prepared by an employee in carrying out the employer's business.

The employer is considered to be the owner of the work unless the employer and employee have agreed otherwise in writing.

## 12.  Spoliation of Evidence

The parties in this lawsuit had a duty to preserve evidence that they knew, or reasonably should have known, was relevant to any claim or defense asserted in this lawsuit.

If you find that a party willfully destroyed evidence that was relevant to any claim or defense in this lawsuit, then you may infer, but are not required to infer, that the destroyed evidence would have been unfavorable to the party who destroyed it.

### 13. Prior Determinations

This Court has found that the merchant systems and authorization systems produced by Lexcel, Inc., MTSI, and Nelcela are similar beyond the possibility of random chance, and that copying took place.

In addition, one trial has already been held in this case. At that trial, the jury found that Lexcel created a merchant system and an authorization system before the Nelcela Parties allegedly created their merchant system and authorization system. The jury also determined that the April 28, 1995 agreement between Alec Dollarhide and MTSI's predecessor-in-interest, Credit Card Services, Limited, did not give Mr. Dollarhide ownership of the Lexcel Parties' merchant or authorization systems. Thus, it has been determined that the Nelcela Parties copied parts of the Lexcel Parties' merchant system and authorization system. It has not been determined, however, nor are you being asked to determine, whether Nelcela infringed on any of Lexcel's copyrighted software. MTSI is not asserting a claim for copyright infringement.

You are bound by the determinations of this Court and the prior jury and must accept them as true.

14

## 14. Breach of Contract

The parties have made claims of breach of contract:

(1) MTSI claims that Alec Dollarhide and Nelcela breached their contracts with MTSI.

(2) POST Integrations and Ebocom claim that Nelcela breached its contract with POST Integrations and Ebocom.

(3) Nelcela claims that POST Integrations and Ebocom breached their contract with Nelcela.

I will now explain to you the law governing the parties' breach of contract claims.

A contract is an agreement between two or more persons or entities. For a contract to exist, there must be an offer, acceptance of the offer, and consideration. To find that the parties had a contract, you must find that they each intended to be bound by the agreement, and that they made that intention known to the other party.

An offer is a proposal to enter into a contract on the terms contained in the offer.

An acceptance is an expression of agreement to the terms of the offer by the person to whom the offer was made.

15

Consideration is a benefit received, or something given up or exchanged, as agreed upon between the parties.

After parties enter into a contract, they may agree to change it. The party claiming there has been a change must prove there was an offer to change the contract, acceptance of that offer, and consideration for the change.

In order to recover for breach of contract, the party seeking to recover must prove that the parties had a contract and that the party from whom they are seeking damages did not perform under the contract as the parties agreed.

Material breach occurs when a party fails to do something required by the contract which is so important to the contract that the breach defeats the very purpose of the contract. The party seeking to recover for breach of contract has the burden of proving the material breach.

Material breach by one party excuses performance by the other party to the contract.

If you find that a party is liable for breach of contract, you must then decide the full amount of money that will reasonably and fairly compensate the injured party for the damages proved by the evidence to have resulted naturally and directly from the breach of

contract.  The damages you award for breach of contract must be the amount of money that will place the injured party in the position that it would have been in if the contract had been performed.  To determine those damages, you should consider some or all of the following factors:

(1) The profit that the party would have received had the contract been performed;

(2) The return of the value of the things or services that the party provided to the party who breached the contract;

(3) The value of things or services expended by the injured party in performing its part of the contract or in preparing to accept the benefits of expected performance by the party who breached the contract.

A party may also seek to recover consequential damages for breach of contract. To recover for these alleged damages, the party must prove:

(1) It was foreseeable to the parties when they entered into the contract that these damages would probably result if the contract was breached;

(2) These damages were in fact caused by the breach of contract; and

(3) The amount of the damages.

A party may also recover damages for lost profits associated with a breach of contract.  To recover damages for present or future lost profits, the party must prove:

(1) That it is reasonably probable that the profits would have been earned except for the breach;

(2) That the loss of profits is the direct and natural consequence of the breach; and

(3) The amount of lost profits can be shown with reasonable certainty.

If future lost profits are reasonably certain, any reasonable basis for determining the amount of the probable profits lost is acceptable.  However, the amount of lost profits cannot be based on conjecture or speculation.

In determining whether and to what extent a party has proved lost profits, you must subtract the costs and expenses that party would have incurred from the gross revenue the party would have received if the contract had not been breached.

### 15. Breach of the Implied Covenant of Good Faith and Fair Dealing

A party to a contract has a duty to act fairly and in good faith. The duty of good faith and fair dealing is implied by law and need not be in writing. This duty requires that neither party to a contract do anything that prevents the other party from receiving the benefits of their agreement.

MTSI claims that Alec Dollarhide and Nelcela breached an implied covenant of good faith and fair dealing in the contracts between Mr. Dollarhide, Nelcela and MTSI. Nelcela claims that POST Integrations and Ebocom breached an implied covenant of good faith and fair dealing in the agreement between Nelcela, POST Integrations and Ebocom.

If you find that a party to a contract has breached the duty of good faith and fair dealing, then the other party to the contract is entitled to recover damages proved by the evidence to have resulted naturally and directly from the breach.

### 16.  Breach of the Duty of Loyalty

MTSI claims that Alec Dollarhide breached the duty of loyalty that he owed to MTSI as an employee.

To establish this claim, MTSI must prove:

(1) Alec Dollarhide breached his duty of loyalty to MTSI;

(2) The breach was a cause of MTSI's damages; and

(3) The amount of MTSI's damages.

The employee's duty of loyalty imposes on an employee a duty to act with the utmost good faith and in the best interests of his or her employer.  Absent an agreement to the contrary, an employee may not compete with his or her employer concerning the subject matter of the employment.  An employee's conduct is not disloyal if the employer consents to the employee's specific conduct and the employee (i) acts in good faith, (ii) discloses all material facts that the employee knows, has reason to know, or should know would reasonably affect his or her employer's judgment and (iii) otherwise deals fairly with his or her employer.

Before you can find Alec Dollarhide liable on the breach of duty of loyalty claim, you must find that Alec Dollarhide's breach of that duty was a cause of MTSI's damages.

A breach of duty is a cause of damages if it helps produce the damages and if the damages would not have occurred without the breach.

If you find that Alec Dollarhide is liable to MTSI on the breach of duty of loyalty claim, you must then decide the full amount of money that will reasonably and fairly compensate MTSI for any of the following elements of damage proved by the evidence to have resulted from Alec Dollarhide's breach of this duty:

(1) Loss of money or other property;

(2) The profit or proceeds that MTSI would have received had Alec Dollarhide performed his duties; and

(3) Money or property that is unjust for Alec Dollarhide to keep.

In determining the amount of damages to award to MTSI, you may consider, among other things, the nature and extent of Alec Dollarhide's services to MTSI and the nature and extent of Alec Dollarhide's breach of the duty of loyalty that he owed to MTSI.

### 17. MTSI's Claim for Unfair Competition

MTSI also claims that Alec Dollarhide, Len Campagna and Nelcela engaged in unfair competition.

To prove unfair competition, MTSI must show by a preponderance of the evidence that Nelcela, Len Campagna, and/or Alec Dollarhide misrepresented MTSI's goods or services as their own. To recover on its claim for unfair competition, MTSI must prove by a preponderance of the evidence that:

(1) The software at issue originated with MTSI;

(2) Nelcela, Len Campagna, and/or Alec Dollarhide misrepresented the origin of the software;

(3) The misrepresentation was likely to cause consumer confusion; and

(4) MTSI was harmed by Nelcela's misrepresentation of the origin of the software.

### 18. Unfair Competition - Intentional

If you find that Nelcela, Len Campagna, and/or Alec Dollarhide engaged in unfair competition, you must also determine whether each of them did so intentionally, knowing they were engaging in unfair competition.

### 19. Unfair Competition - Actual Damages

If you find for MTSI on its unfair competition claim, you must determine MTSI's actual damages.

MTSI has the burden of proving actual damages attributable to the unfair competition by a preponderance of the evidence.  Damages means the amount of money which will reasonably and fairly compensate MTSI for any injury and or property damage you find was caused by the defendant's unfair competition.

You should consider the following:

1.    The injury to MTSI's goodwill, including injury to MTSI's general business reputation;

2.    The lost profits that MTSI would have earned but for Nelcela, Len Campagna, and/or Alec Dollarhide's unfair competition.

## 20.  Unfair Competition - Defendants' Profits

In addition to actual damages, MTSI is entitled to any profits earned by the defendant that are attributable to the unfair competition which MTSI proves by a preponderance of the evidence.  MTSI must prove that it would have earned lost profits but for the unfair competition.  You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting all expenses from gross revenue.

Gross revenue is all of the defendant's receipts from using the trademark in the sale of a product.  MTSI has the burden of proving gross revenue by a preponderance of the evidence.

Expenses are all operating, overhead, and production costs incurred in producing the gross revenue.  The defendant has the burden of proving the expenses and any portion of the profit attributable to factors other than the unfair competition by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale or licensing of the software is attributable to factors other than the unfair competition, you shall find that the total profit is attributable to the unfair competition.

25

### 21.  Intentional Interference with Economic Relations

MTSI claims that Nelcela, Len Campagna, andAlec Dollarhide are liable to MTSI

for intentionally interfering with MTSI's contractual relationships and/or business

expectancies with POST Integrations.  In order to recover for this claim, MTSI must

prove, as to each defendant:

(1) The existence of a valid contractual relationship or business expectancy;

(2) The defendant's knowledge of the relationship or expectancy;

(3) Intentional interference inducing or causing a breach or termination of the

relationship or expectancy; and

(4) Damage to the party whose relationship or expectancy has been disrupted.

To be actionable, the interference must be both intentional and improper.  Whether

a particular action is improper is determined by consideration of seven factors:

(1) The nature of the actor's conduct;

(2) The actor's motive;

(3) The interest of the other with which the actor's conduct interferes;

(4) The interest sought to be advanced by the actor; .

26

(5) The social interests in protecting the freedom of the action of the actor and the contractual interests of the other;

. (6) Proximity or remoteness of the actor's conduct to the interference; and

(7) The relations between the parties.

One who is liable to another for interference with a contract or prospective contractual relation is liable for damages for:

(1) The pecuniary loss of the benefits of the contract or the prospective relation; and

(2) Consequential losses for which the interference is a legal cause.

## 22.  Competition as Proper Interference

Nelcela is not liable to MTSI for improper interference with economic relations if:

(1) Nelcela and MTSI are competitors for the services provided to POST;

(2) Nelcela did not use wrongful means to acquire an economic relationship with POST; and

(3) Nelcela's purpose, at least in part, was to compete with MTSI.

## 23. Conversion

MTSI claims that Nelcela, Len Campagna and Alec Dollarhide are liable to them for conversion.  In order to recover for conversion, MTSI must prove, as to each defendant:

(1) That MTSI had a right to control or possess a tangible object.

(2) That the defendant exercised dominion or control over that tangible object.

(3) That the defendant's actions interfered with the right of MTSI to control or possess the tangible object.

(4) That the defendant's actions were intended to deprive MTSI of its right to control or possess the tangible object.

If you find one or more of the defendants liable for conversion, you must assess damages against that party in the amount of the full value of the tangible object that you find the party converted.

29

### 24.  **Misappropriation of Trade Secrets**

MTSI claims that Nelcela, Len Campagna, and/or Alec Dollarhide misappropriated

trade secrets from MTSI.

To prevail on its misappropriation of trade secret claims, MTSI must prove by a

preponderance of the evidence that Nelcela, Len Campagna, and/or Alec Dollarhide

misappropriated a trade secret.

A "trade secret" is information, including a program, that (1) has actual or

potential independent economic value because it is not generally known to or readily

ascertainable by proper means to other persons who can use it for their economic benefit

and (2) is the subject of reasonable efforts, under the circumstances, to maintain its

secrecy.

"Misappropriation" means either:

(1) Acquisition of a trade secret of another by a person who knows or has reason to

know that the trade secret was acquired by improper means.

(2) Disclosure or use of a trade secret of another without express or implied

consent by a person who either:

(i)      Used improper means to acquire knowledge of the trade secret.

30

(ii)    At the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was derived from or through a person who had utilized improper means to acquire it, was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use or was derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use.

(iii)    Before a material change of his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

"Improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy or espionage through electronic or other means.

If you find that Nelcela, Len Campagna, and/or Alec Dollarhide misappropriated a trade secret, you must then decide the full amount of money that will reasonably and fairly compensate MTSI for each of the following elements of damages proved by the evidence to have resulted from the misappropriation:

(1) The actual loss caused by misappropriation; and

31

(2) To the extent not taken into account in computing actual loss, any amounts by which Nelcela, Len Campagna, and/or Alec Dollarhide was unjustly enriched as a result of the misappropriation.

In lieu of damages measured by any other method, the damages caused by the misappropriation may be measured by imposition of liability for a reasonable royalty for Nelcela, Len Campagna, and/or Alec Dollarhide's unauthorized disclosure and/or use of the trade secret.

## 25. Misappropriation of Trade Secrets – Willful and Malicious

If you find that Nelcela, Len Campagna, or Alec Dollarhide misappropriated trade secrets, then you must determine whether they did so willfully and maliciously. Misappropriation of a trade secret is willful and malicious if it was done intentionally, with conscious disregard of the rights of another, or was motivated by spite or ill will.

## 26.  POST/Ebocom's Claim for Unjust Enrichment

POST Integrations and Ebocom claim that Nelcela is liable to them for unjust

enrichment.  To recover on this claim, POST Integrations and Ebocom must prove that:

(1) Nelcela was enriched at the expense of POST Integrations and Ebocom;

(2) Nelcela is not justified in keeping the money received by it from POST

Integrations and Ebocom; and

(3) That POST Integrations and Ebocom have no other remedy to recover that

money.

## 27.  Breach of Warranty

POST Integrations and Ebocom claim that Nelcela is liable to them for breach of warranty.  POST Integrations and Ebocom claim that Nelcela warranted (1) that it owned the software it was licensing and selling, (2) that it had a valid copyright on that software and (3) that the software was functional.

Warranties may be either express or implied.

To recover for breach of an express warranty, POST Integrations and Ebocom must prove that:

(1) Nelcela described the goods it would supply to POST Integrations and Ebocom

(2) Nelcela's description of the goods it would supply was part of the basis for the agreement between POST Integrations/Ebocom and Nelcela

(3) The goods actually supplied by Nelcela did not conform to the description

(4) POST Integrations and Ebocom were damaged.

To recover for breach of an implied warranty, POST Integrations and Ebocom must prove that:

35

(1) Nelcela, at the time it contracted with POST Integrations and Ebocom, had reason to know the particular purpose for which POST Integrations and Ebocom needed the goods;

(2) POST Integrations and Ebocom relied on Nelcela's skill or judgment to furnish goods suitable for that purpose;

(3) The goods supplied by Nelcela were not suitable for that purpose;

(4) POST Integrations and Ebocom were damaged because the goods supplied by Nelcela were not suitable.

The measure of damages for breach of warranty is the difference between the value of goods at the time of delivery and the value they would have had if they had been as warranted.

## 28. Fraud

POST Integrations and Ebocom claim that Nelcela, Len Campagna, and Alec Dollarhide defrauded POST Integrations and Ebocom.  To establish this claim, POST Integrations and Ebocom must prove by clear and convincing evidence, for each defendant, that:

(1) The defendant made a representation to POST Integrations and Ebocom;

(2) The representation was false;

(3) The representation was material, which means that it was sufficiently important to influence POST Integrations and Ebocom's actions;

(4) The defendant knew that the representation was false;

(5) The defendant intended that POST Integrations and Ebocom would act upon the representation in the manner reasonably contemplated by that defendant;

(6) POST Integrations and Ebocom did not know that the representation was false;

(7) POST Integrations and Ebocom relied on the truth of the representation;

(8) POST Integrations and Ebocom's reliance was reasonable and justified under the circumstances; and

(9) As a result, POST Integrations and Ebocom were damaged.

37

For the purpose of a fraud claim, intentionally concealing material information is the same as making a representation that the information does not exist.  In other words, intentionally concealing the fact that it is raining is the same as saying, "It is not raining."

## 29. Consumer Fraud

POST Integrations and Ebocom claim that Nelcela, Len Campagna, and Alec Dollarhide committed consumer fraud. To establish this claim, POST Integrations and Ebocom must prove, for each defendant, that:

(1) The defendant used deception, used a deceptive act or practice, used fraud, used false pretense, made a false promise, made a misrepresentation, or concealed, suppressed, or omitted a material fact in connection with the sale or advertisement of merchandise;

(2) The defendant intended that others rely upon such deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression, and/or omission of a material fact;

(3) POST Integrations and Ebocom suffered damages as result of reliance on the defendant's deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, concealment, suppression, or omission of a material fact; and

(4) POST Integrations and Ebocom's damages.

Unlike their claim for fraud, in order to prove a claim for consumer fraud, POST Integrations and Ebocom do not need to show that the defendant intended to deceive them or that their reliance on the defendants' actions was reasonable.

### 30. Negligent Misrepresentation

POST Integrations and Ebocom claim that Nelcela, Len Campanga, and Alec Dollarhide are liable to POST Integrations and Ebocom for negligent misrepresentation. On this claim, POST Integrations and Ebocom must prove, for each defendant, that:

(1) The defendant either provided POST Integrations and Ebocom with false or incorrect information, or omitted or failed to disclose material information;

(2) The defendant intended that POST Integrations and Ebocom rely on information provided and that defendant provided the information for that purpose;

(3) The defendant failed to exercise reasonable care or competence in obtaining or communicating the information;

(4) POST Integrations and Ebocom relied on the information;

(5) POST Integrations and Ebocom's reliance was justified; and

(6) As a result, POST Integrations and Ebocom were damaged.

### 31. Copyright - License

The Nelcela Parties claim as a defense that Alec Dollarhide had permission to create and use and authorize others to create and use the Nelcela software. The Nelcela Parties have the burden of proving Alec Dollarhide obtained that permission from Credit Card Services, LLC and that MTSI is bound by that permission.

## 32. Joint and Several Liability

Joint and several liability exists where parties act in concert to achieve a common purpose. Joint and several liability may be found to exist when the defendants have entered into a joint enterprise or joint venture. A joint venture requires an agreement, a common purpose, a community of interest, and an equal right of control. Where a joint venture exists, each of the parties is the agent of the others and each is likewise a principal so that the act of one is the act of all. In such a relationship, it may be said that the partners or persons engaged in the common enterprise are subject to a common duty, the breach of which will subject those persons to liability for the entire harm resulting from the failure to perform the duty.

### 33. Personal Liability of Len Campagna and Alec Dollarhide for Nelcela's Allegedly Tortious Acts

POST Integrations and Ebocom have stated claims against Len Campagna and Alec Dollarhide, as well as Nelcela, for fraud, consumer fraud, and negligent misrepresentation. As I have already explained, you can hold Mr. Campagna and Mr. Dollarhide personally liable for fraud, consumer fraud, and negligent misrepresentation if you find that POST Integrations and Ebocom have met their burden of proof against Mr. Campagna and Mr. Dollarhide on those claims.

However, POST Integrations and Ebocom also claim that Len Campagna and Alec Dollarhide should be held personally liable for Nelcela's fraud, consumer fraud, and negligent misrepresentation as officers and directors of Nelcela.

If you find that POST Integrations and Ebocom have proven that Nelcela is liable for fraud, consumer fraud, or negligent misrepresentation, you may also hold Mr. Campagna and Mr. Dollarhide personally liable for Nelcela's fraud, consumer fraud, or negligent misrepresentation if you find any of the following to be true:

(1) That they participated in the fraud, consumer fraud, or negligent misrepresentation;

44

(2) That they knew about and acquiesced in the fraud, consumer fraud, or negligent misrepresentations;

(3) That they were negligent in managing or supervising the actions of Nelcela and that their negligence contributed to the damages suffered by POST Integrations and Ebocom due to the fraud, consumer fraud, or negligent misrepresentation.

## 34. Nelcela's Claim for Unjust Enrichment

Nelcela is entitled to recover the reasonable value of the services rendered to POST Integrations and Ebocom unless you find that either one of two things was true in this case:

First, Nelcela is not entitled to recover for its services if it was understood by POST Integrations, Ebocom and Nelcela that the services were being rendered free of charge. It is POST Integrations and Ebocom's burden to show that the parties had such an understanding.

Second, Nelcela may not recover for its services if you find that, under all of the circumstances, it is fair for POST Integrations and Ebocom to receive the benefit of Nelcela's services without paying for them.

Unless you find that Nelcela, POST Integrations and Ebocom understood that the services were being rendered free of charge, or that under the all the circumstances it is fair for POST Integrations and Ebocom to receive the benefit of those services without paying for them, you should award Nelcela the reasonable value of the services.

In determining what the reasonable value of Nelcela's services was, you may consider the nature of the services provided and the customary rate of pay for such services.

## 35. Equitable Relief Unavailable

Nelcela claims that POST Integrations was unjustly enriched because POST Integrations and Ebocom failed to pay for the work done by Nelcela in processing transactions for POST Integrations and Ebocom's merchants and customizing software for POST Integrations and Ebocom's use.

If you find that Nelcela defrauded POST Integrations and Ebocom and that Nelcela's fraud related to the transaction in which Nelcela provided the work for which it now seeks to recover, then you cannot award Nelcela any damages for unjust enrichment.

## 36. Damages - Mitigation

The party seeking damages has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The party against whom damages are sought has the burden of proving by a preponderance of the evidence:

1.     that the party seeking damages failed to use reasonable efforts to mitigate damages; and

2.     the amount by which damages would have been mitigated.

49

## 37. Punitive Damages

If you find Nelcela, Len Campagna, or Alec Dollarhide liable to MTSI for its claims of Unfair Competition, Breach of the Duty of Good Faith and Fair Dealing, Breach of the Duty of Loyalty, Intentional Interference with Economic Relations, or Conversion, you may consider assessing additional damages to punish the defendant or defendants that you find liable or to deter those defendants and others from similar misconduct in the future.

Such damages are called "punitive" or "exemplary" damages.

To recover such damages, MTSI has the burden of proving by clear and convincing evidence, either direct or circumstantial, that each defendant against whom punitive damages are assessed acted with an evil mind and demonstrated aggravated and outrageous conduct.

This required state of mind may be shown by any of the following:

(1) Intent to cause injury; or

(2) Wrongful conduct motivated by spite or ill will; or

50

(3) That the defendant acted to serve his own interests, having reason to know and consciously disregarding a substantial risk that his conduct might significantly injure the rights of others;

(4) That the defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.

To prove this required state of mind by clear and convincing evidence, MTSI must persuade you that the punitive damages claim is highly probable. This burden of proof is more demanding than the standard of more probably true than not true, which applies to other claims in this case, but it is less demanding than the standard of proof beyond a reasonable doubt, which is used in criminal cases.

The law provides no fixed standard for the amount of punitive damages you may assess, if any, but leaves the amount to your discretion. However, if you assess punitive damages, you may consider the character of the defendant's conduct or motive, the nature and extent of the harm to plaintiff that the defendant caused, and the nature and extent of the defendant's financial wealth.

### 38. Duty to Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### 39.  Use of Notes

Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

## 40.  Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through my courtroom deputy or one of my law clerks, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.

If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

### 41. Return of Verdict

A verdict form has been prepared for you.

This verdict form asks you to consider and make a decision about each of the parties' claims. When considering each claim, first determine whether the party pursuing that claim met its burden of proof, based on the instructions that I have given you. If you find that the party met its burden of proof, then proceed to award damages on that claim, using the instructions that I have given you.

After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.