**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Merchant Transaction Systems, Inc.,, | ) | No. CV-02-1954-PHX-MHM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Nelcela, Inc., et al., | ) | |
| Defendant. | ) | |

    Currently before this Court are Defendants Nelcela, Inc., Leonard Campagna, and Robert Dollarhide's ("Nelcela Defendants" or "Defendants") Motion to Amend/Alter Judgment or, in the Alternative, Motion for a New trial Regarding Damages, (Dkt. #752), and Renewed Motion for Judgments as a Mater of Law or In the Alternative, Motion to Amend the Judgment, or in the alternative, Motion for a New Trial, (Dkt. #759); POST Integrations, Ebocom, Mary Gerdts, and Douglas McKinney's ("POST Parties") Renewed Motion for Judgment as a Matter of Law-or-Motion to Amend Judgment to Conform to Evidence, (Dkt. # 756), and Motion to Vacate Judgment and Enter Amended Judgment, (Dkt. #748); and Plaintiff Merchant Transaction Systems, Inc.'s ("MTSI" or "Plaintiff") Motion to Amend Judgment to Include Exemplary Damages for Misappropriation of Trade Secrets Pursuant to A.R.S. § 44-403(B), (Dkt. #758). Having considered all the evidence and hearing oral argument on February 24, 2010, the Court issues the following Order.

## I. BACKGROUND

The factual and procedural background of this case is long, convoluted, and has been described by this Court at length in its June 25, 2009 Summary Judgment Order. (Dkt. #636). Accordingly, the Court sees no reason to retell that story here. It suffices to say that the Phase II trial was held in August, 2009, with the jury reaching a verdict on the 28th of that month. (Dkt. #745). Judgment was entered on September 2, 2009. (Dkt. #746).

At trial the jury found in favor of the POST Parties and against Nelcela, Inc. for breach of contract, awarding damages in the amount of $3,145,797.00, for unjust enrichment, awarding damages in the amount of $556,650.00, and for breach of warranty, awarding damages in the amount of $550,000.00; in favor of the POST Parties and against the Nelcela Defendants for fraud, awarding damages in the amount of $3,145,797.00 and finding joint liability, for consumer fraud, awarding damages in the amount of $3,145,797.00 and finding joint liability, and for negligent misrepresentation, awarding Damages in the amount of $3,145,797.00 and apportioning fault at 33.33% per Defendant.

On MTSI's claims, the jury found in favor of MTSI and against Alec Dollarhide for breach of contract awarding compensatory damages in the amount of $90,400.00, and for breach of employee's duty of loyalty, awarding compensatory damages in the amount of $955,400.00. The jury also found in favor of MTSI and against Nelcela, Inc. and Len Campagna for Dollarhide's breach of employee's duty of loyalty, finding joint and severally liability. Additionally, the jury found and in favor of MTSI and against the Nelcela Defendants for unjust enrichment, awarding compensatory damages in the amount of $90,400.00; for intentional unfair competition, finding joint liability; for conversion, awarding compensatory damages in the amount of $750,000.00 and finding joint liability; and for willful and malicious misappropriation of trade secrets, awarding compensatory damages in the amount of $155,400.00 and finding joint liability.

And finally, as to Nelcela Defendants' claims, the jury found In favor of the Nelcela Defendants and against POST Parties for breach of contract and breach of covenant of good

faith, awarding damages in the amount of $147,569.00 as to each of those claims. Soon thereafter the Parties filed the post trial motions which are the subject of this Order. The Court held oral argument on February 24, 2010.

## II. THE NELCELA DEFENDANT's MOTION TO AMEND / ALTER JUDGMENT OR FOR A NEW TRIAL REGARDING DAMAGES

Pursuant to Rule 59 of the Federal Rules of Civil Procedure ("Rule 59"), the Nelcela Defendants ask that this Court enter an amended judgment or order a new trial on the issue of damages. In their moving papers, Defendants make two separate claims. They argue first that the POST Parties showed insufficient evidence of damages at trial, and second that the POST Parties were permitted to introduce improper and unsupported evidence of damages by misleading the Court in pretrial motions. The Court will consider each of these arguments in turn.

### A. The POST Parties Introduced Sufficient Evidence at Trial

As part of their Rule 59 Motion, Defendants allege that the POST Parties introduced insufficient evidence of damages at trial. It is not clear to the Court why Defendants have made this argument pursuant to a Rule 59 motion for a new trial, not a Rule 50 of the Federal Rules of Civil Procedure ("Rule 50") motion for judgment as a matter of law. As a general rule, objections concerning the sufficiency of evidence are made pursuant to Rule 50 and must be made before the case is submitted to the jury. FED. R. CIV. PRO. 50(b) ("A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury."). Otherwise, they are considered waived. Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003) ("A party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion."). The purpose of this rule is both to preserve the sufficiency of the evidence as a question of law, but also to call to "the court's and the parties attention any alleged deficiencies in the evidence at a time when the opposing party still has an opportunity to correct them." Id.

Defendants freely admit that they did not raise the issue of insufficient evidence of damages at trial as part of a Rule 50 motion. (Dkt. #752, fn.1). Accordingly, this Court will not allow the Defendants to circumvent the rules by grouping this challenge to the sufficiency of the evidence regarding damages in with their Rule 59 arguments concerning discovery misconduct. To the extent the instant motion seeks relief based on the insufficiency of evidence pursuant to Rule 59, it is denied as improper.

> **B. The Jury's award of damages was not obtained through fraud, misrepresentation, or other misconduct**

In order to prevail on a Rule 59 motion, the movant must "prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct," and "establish that the conduct complained of prevented the losing party from fully and fairly presenting his case or defense." Jones v. Aero/Chem Corp., 921 F.2d 875, 879–80 (9th Cir. 1990). The Nelcela Defendants allege that the POST's Parties deprived them of the opportunity to fully and fairly defend on the issue of damages by misleading this Court in pretrial motions, causing this Court to allow improper, unsupported, and undisclosed evidence of damages in at trial. In large part, however, this allegation appears to be an attempt to re-litigate an issue already decided by this Court, as Defendants' primary argument is that this Court, due to the POST Parties having mislead it, incorrectly denied Defendants' motion *in limine* which sought to preclude the POST Parties from introducing evidence of allegedly undisclosed damages.

The Court is familiar with Defendants' opinion on this issue, but is not persuaded it incorrectly decided Defendants' previous motion *in limine*. In denying the motion *in limine*, the Court found that Defendants' had received ample notice concerning how the POST Parties' intended to calculate their damages, the bases for those damages, and that Mary Gerdts would testify as to those damages. The Court also determined that any prejudice suffered by the Nelcela Defendants was a result of their failure to request documents underlying the POST Parties' damages calculations, the existence of which were disclosed

in 2002 and again during Phase II discovery on the issue of damages. Defendants argue that they did not get to reply to POST's response to the motion *in limine*, but the Court notes that Defendants did get to make their case at oral argument. Accordingly, to the extent Defendants' Rule 59 Motion seeks to undo the Court's previous ruling concerning their' motion *in limine*, it is denied.

Defendants also argue that the POST Parties failed to provide them with discovery materials necessary to properly defend against damages. Particularly, Defendants allege that the POST Parties failed to provide them with the "SQL" server / database allegedly containing the final day of processing transactions for POST by Nelcela. "Failure to disclose or produce materials requested in discovery can constitute 'misconduct.'" Id. at 880 (quoting Anderson v. Cryovac, Inc., 862 F.2d 910 (1st Cir.1988)). A showing of "'[m]isconduct' does not demand proof of nefarious intent or purpose as a prerequisite to redress." Id.. (quoting Anderson 862 F.2d at 910). And, "when the case involves the withholding of information called for by discovery, the party need not establish that the result in the case would be altered." Id. at 879.

The Court is not persuaded by the Nelcela Defendants' arguments. In 2001, pursuant to a state-court order, Nelcela turned over all transactional data in its possession to the POST Parties. Defendants clearly believe that they gave the SQL server / databse to the POST Parties at that time. The POST Parties, on the other hand, state that during the course of this litigation the only items they received from Defendants are sets of CDs containing transaction data, once in 2001 and once in 2005. And, on both occasions, per agreement, they stored the CDs in safe deposit boxes and did not examine their content. Accordingly, the POST Parties deny having failed to produce the SQL server / database, as they deny ever having possessed such a thing. The Nelcela Defendants have not produced any evidence to contradict the POST Parties's claims regarding the SQL server / database. Based solely on Defendants' assertion, the Court cannot find that the POST Parties failed to disclose or produce evidence that Nelcela has not shown exists.

1 | Additionally, it appears that the POST Parties shared all the evidence they received in 2001 and 2005 from Defendants. Specifically, email correspondence between counsel for both Parties, shows that the POST Parties complied with two separate requests made by Defendants to view the data CDs in the POST Parties' possession. (See Dkt. #765, ex. 9–16). The correspondence also show that the Nelcela Defendants requested to view the SQL server / database on the eve of trial and only after the data CDs did not turn up the information they had hoped to find. The Nelcela Defendants have not explained to this Court's satisfaction why they did not specifically request production of the SQL server / database production prior to August 10, 2009. The late request does not make sense given that the Nelcela Defendant's knew the POST Parties possessed the SQL server / database, and that the information on the SQL server / database was vitally important to their case.

Additionally, the Court has also reviewed the trial testimony of Mary Gerdts, and despite the Nelcela Defendants' statements to the contrary, Ms. Gerdts did not explicitly refer to the SQL server / database. In fact, Ms. Gerdts testified that she derived her calculations concerning damages from paper reports, not a computer server. (Dkt. #800, p.155–57). In sum this Court has no reason to find the POST Parties made any misrepresentations about the SQL server / database, and the Nelcela Defendants have produced no evidence to the contrary. Accordingly, Defendants' Rule 59 motion is denied.

**III. THE POST PARTIES' AND NELCELA DEFENDANTS' PARTIES RENEWED MOTIONS FOR JUDGMENT AS A MATTER OF LAW**

Both the POST Parties and the Nelcela Defendants have filed renewed motions for judgment as a matter of law. Specifically, the Nelcela Defendants have filed a Renewed Motion for Judgments as a Mater of Law or In the Alternative, Motion to Amend the Judgment, or in the alternative, Motion for a New Trial. (Dkt. #759). The POST Parties have filed a Renewed Motion for Judgment as a Matter of Law-or-Motion to Amend Judgment to Conform to Evidence. (Dkt. # 756).

/ / /

**A. Legal Standard**

Under Rule 50, a renewed motion for judgment as a matter of law is properly granted "if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002). The "jury's verdict must be upheld if its is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." Id. Accordingly, a court "can overturn the jury's verdict and grant such a motion only if there is no legally sufficient basis for a reasonable jury to find for that party on that issue." Costa v. Desert Palace, Inc., 299 F.3d 858, 859 (9th Cir. 2002) (internal citations omitted). If there is "sufficient evidence before the jury on a particular issue, and if the jury instructions on the issue were correct, then the jury's verdict must stand." Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1014 (9th Cir. 1985).

In ruling on a motion for judgment as a matter of law, the trial court must view all evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in the favor of the nonmover, and disregard all evidence favorable to the moving party that the jury is not required to believe. Costa, 299 F.3d at 859. The court "may not substitute [its] view of the evidence for that of the jury," nor can the court "make credibility determinations nor weigh the evidence." Id. The "high hurdle" of the 50(b) standard thus "recognizes that credibility, inferences, and factfinding are the province of the jury, not [the] court." Id.

**B. Nelcela Defendants' Renewed Motion for Judgment as a Matter of Law**

In their Renewed Motion for Judgments as a Mater of Law the Nelcela Defendants make numerous arguments. They assert, among other things, that there is no evidence to support a fraud claim regarding ownership of the Nelcela software, there is no evidence supporting a fraud claim regarding any defect in the software, the fraud claims fail as a

matter of law, that the jury erred in its award of damages, and that MTSI's claims are barred by the statute of limitations.

In their papers, the Nelcela Defendants have made numerous arguments concerning the sufficiency of the evidence concerning POST Parties' fraud claims. The Court is intimately familiar with all of the defenses and issues raised by the Nelcela Defendants and finds little need to revisit each one individually. Suffice it to say, the Court is firmly convinced that the jury's decisions on the POST Parties' fraud claims were supported by substantial evidence. The Court therefore denies Defendants' Renewed Motions for Judgment as a Matter of Law as to its claims concerning a lack of evidence on the POST Parties' fraud claims regarding ownership of the Nelcela software

The Court now turns to the Nelcela Defendants' arguments that the POST Parties' fraud claims should have been barred as a matter of law. First, the Court does not agree that copyright law preempts the POST Parties' fraud claims. In the Ninth Circuit, claims of common law fraud are "not preempted . . . because the element of misrepresentation is present." Valente-Kritzer Video v. Pinckney, 881 F.2d 772, 776 (9th Cir. 1989). The POST Parties allegations of fraud were based on misrepresentations concerning Nelcela's intent to preform and the factual prerequisites which formed the basis of the Parties' contract, i.e. that Nelcela owned the software in question. Accordingly, their claims are not preempted. Next, because the POST Parties alleged they were fraudulently induced into their contract with Nelcela, the Court must reject the Nelcela Defendants' claim that Arizona's economic-loss doctrine bars the POST Parties' fraud claims. Quite simply, "[t]he economic loss doctrine . . . is not applicable to the tort of fraud in the inducement in Arizona." Ares Funding, L.L.C. v. MA Maricopa, L.L.C., 602 F.Supp.2d 1144, 1149 (D.Ariz. 2009). This is so because "[f]raudulent misrepresentation . . . undermines the ability of parties to negotiate freely, and therefore negates the presumption that an equitable negotiation has occurred." KD & KD Enterprises, LLC v. Touch Automation, LLC, 2006 WL 3808257, *2 (D.Ariz., Dec. 27, 2006). In such circumstances, "[i]t is unreasonable to restrict a party to contractual

- 8 -

limitations of liability when fraudulent representations resulted in an unequal, unfair bargaining process." Id. The doctrine of election of remedies does not bar the POST Parties fraud claim either. See Mister Donut of America, Inc. v. Harris, 150 Ariz. 347, 352 (App. 1985) ("An action for damages for fraud in the inducement does not constitute a disaffirmance of the contract and therefore is not inconsistent with an action for its breach.").

The Nelcela Defendants also contend that they are entitled to relief based on inconsistencies in the jury's verdict, claiming the jury made inconsistent awards when it: (1) awarded MTSI $750,000 in damages on its misappropriation of trade secrets claim, damages based on the value of the Nelcela software, while, at the same time, awarding contract damages to the POST Parties for the software's failure to properly function; and (2) awarded contract damages to the POST Parties and Nelcela Defendants predicated on the same contract. As a preliminary matter, arguments concerning an inconsistency in a jury's verdict must be made before the jury is dismissed, otherwise they are waived. Home Indem. Co. v. Lane Powell Moss and Miller, 43 F.3d 1322, 1331 (9th Cir. 1995). Defendants made no such arguments at trial and did not object to this Court's dismissal of the jury, waiving any claim for a new trial or judgment as a matter of law based on these alleged inconsistencies.

This Court notes, however, that even if the Nelcela Defendants had not waived their inconsistency argument, it would not find the jury's verdict inconsistent. A court should not "find inconsistency lightly," and should only do so when the verdict cannot be read to express a coherent view of the case. Norris v. Sysco Corp., 191 F.3d 1043, 1048 (9th Cir. 1999). The jury's decision to award MTSI damages for the value of its software and simultaneously award the POST Parties damages on their contract claim is not so inconsistent as to be unreasonable. See id. ("the court must search for a reasonable way to read the verdicts as expressing a coherent view of the case, and must exhaust this effort before it is free to disregard the jury's verdict and remand the case for a new trial."). First, despite the software's failings for the POST Parties, the jury may have decided the software had some value, making reasonable the simultaneous awards on the trade secrets and contract claims.

Secondly, the software used by the POST Parties was modified by Nelcela throughout their business relationship. It would have been reasonable, therefore, for the jury to award MTSI trade-secret damages based on its version of the software, while simultaneously awarding contract damages to the POST Parties based on the failure of that software as modified by Nelcela. Regarding the damages awarded to the Nelcela and Post Parties on the same contract, the jury may have concluded that both Parties partially preformed and breached. Alternatively, as the POST Parties point out, the Nelcela Defendants sued based on two contracts—a contract to provide existing and customized source code and another containing a mutual confidentiality agreement. It is possible, then, that the Jury awarded Nelcela damages based only on the later contract, explaining away any inconsistency in its award. As a result, the Court cannot find that the Jury's verdict represents an incoherent view of this case.

The Nelcela Defendants also argue that all of MTSI's claims are time barred. At oral argument, the Court questioned Nelcela Defendants' counsel concerning whether it ever previously raised the statute of limitations ("SOL") regarding MTSI's claim. Counsel stated that she had so done in the Nelcela Parties' Phase 1 motion for summary judgment against MTSI, (Dkt. #323). Counsel also claimed that this Court declined to rule on the SOL issue, informing the Parties that the SOL arguments should be raised during Phase II proceedings. Counsel then explained that she declined to raise the SOL defense in her Phase II summary judgment motion because she lacked the factual basis to make such an argument.

Since oral argument, the Court has gone back and examined the Nelcela Defendants' Phase I summary motion and the Court's order addressing that motion, (Dkt. #383). Neither this Court nor Defendants ever mentioned the statute of limitations with respect to MTSI. Instead, Defendants raised the issue with regards to Lexcel, and the Court decided as to Lexcel that the issue needed to be decided after Phase I. It appears, then, that Defendants have confused MTSI with Lexcel. As a result, they have raised their statute of limitation

argument as to MTSI for the first time in a post-trial motion. The question, then, is whether this Court may properly consider the argument?

In the context of this case, a SOL argument is an affirmative defense, not a jurisdictional requirement that can be raised anytime. John R. Sand & Gravel, Co. v. United States, 552 U.S. 130, 140 (2008) (Stevens, J. dissenting) ("Statutes of limitations generally fall into two broad categories: affirmative defenses that can be waived and so-called "jurisdictional" statutes that are not subject to waiver or equitable tolling."); See Soltani v. W. & Se. Life Ins. Co., 258 F.3d 1038, 1044 (9th Cir.2001) (noting that a defendant may waive the statute-of-limitations defense). Generally, a defendant must plead its SOL defense, or else it is waived. See, e.g., United States Postal Serv. v. Amm Postal Workers Union, 893 F.2d 1117, 1122 (9th Cir. 1990). Absent prejudice, however, an affirmative defense, including one grounded in the SOL, can be raised in a motion for summary judgment. See, e.g., Sharer v. Oregon, 481 F.Supp.2d 1156, 1165 (D.Or. 2007). This Court is unaware of any authority stating that a SOL affirmative defense can be raised for the first time in a post trial motion. Even, however, if the Nelcela Parties had properly raised the SOL, this Court could still not grant them relief, as a defendant must prove an affirmative defense at trial. In the instant case, the jury was not asked to consider a SOL affirmative defense as to MTSI's claims against the Nelcela Defendants, nor did the Nelcela Defendants ever request that the jury be so charged. This Court has no choice, therefore, but to reject the Nelcela Defendants' SOL arguments.

Finally, the Court will not grant Nelcela's request for an offset of $360,000 for processing services rendered. The Jury was perfectly capable of taking into account all the relevant factors, including any money owed by Nelcela to the POST Parties, when it awarded Nelcela $147,569.00 in damages for its contract claim.

**C.     The POST Parties' Renewed Motion for Judgment as a Matter of Law**

In their Renewed Motion for Judgment as a Matter of Law-or-Motion to Amend Judgment to Conform to Evidence, the POST Parties argue that the Nelcela Defendants failed

- 11 -

1 to present evidence that would support an award of damages on its claims for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing. In making this argument, the POST Parties make much of the fact that Defendants stipulated in the Joint Pretrial Order ("JPTO") that the contract between POST and Nelcela required payments to Nelcela for license fees and programming, and, as a result Nelcela stipulated away any recovery based on processing work. While the POST Parties may be correct as to the JPTO, the statement of facts presented to the jury explicitly mentioned that "the Nelcela parties contend that the POST parties failed to pay for work done by the Nelcela parties . . . in **processing** credit card transactions for the POST parties." (Dkt. #743) (emphasis added). And the Nelcela Defendants put on evidence regarding processing damages in the form of testimony by Mr. Campagna.

Additionally, while the POST Parties contend in their reply briefing that Mr. Campagna's testimony concerning the processing damages is insufficient to support an award of damages because the Nelcela Defendants did not put on evidence showing POST agreed to any payments, the POST Parties failed to make those arguments in their original motion. Thus, even if this argument has merit, this Court cannot appropriately consider it, since Defendants did not have the opportunity to respond. United States v. Romm, 455 F.3d 990, 997 (9th Cir. 2006); see Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir. 1990) (noting that legal arguments raised for the first time in the reply brief are deemed waived). Consequently, the Court agrees with Defendants that there is not a sufficient basis to accept the POST Parties' argument to void the jury's verdict and award of damages based on a discrepancy between the JPTO and the statement of the case read to the jury. The POST Parties' motion is denied.

**IV. MTSI's MOTION FOR EXEMPLARY DAMAGES**

MTSI has requested an award of exemplary damages for its misappropriation of trade secrets claim. Pursuant to Arizona Revised Statute § 44-403(B), "[i]f willful and malicious misappropriation exists, the court may award exemplary damages in an amount not

- 12 -

exceeding twice any award [of compensatory damages.]" At the Phase II trial, the jury found the Nelcela Defendants liable for misappropriation of trade secrets and awarded MTSI $155,400.00 in compensatory damages (Dkt. #743, p.8). The jury also decided that the Nelcela Defendants' misappropriation of MTSI's trade secret was willful and malicious. Accordingly, this Court may, at its discretion, award exemplary damages to MTSI.

Defendants urge that such an award is inappropriate in this case, making two general arguments: (1) the Nelcela Defendants should never have been convicted of misappropriation of trade secrets; and (2) the facts of this case do not merit exemplary damages. The first of these arguments is an attack on the jury's verdict and the Court's legal determinations, which mirror arguments the Nelcela Defendants have raised in their other post-trial motions. Specifically, the Nelcela Defendants claim the jury's verdict was incorrect and reassert that MTSI's claim was time-barred. The Court need not address these arguments here, as it has already considered and rejected them in Section III(B), *infra*, of this Order. The fact of the matter is that the Jury convicted the Nelcela Defendants of wilful and malicious misappropriation. Given this fact, the only question for this Court is whether an award of exemplary damages is appropriate, not whether the underlying conviction should stand.

On that topic, Defendants claim that certain aspects of the Jury's verdict mitigate against an award of exemplary damages. First, they argue that the jury did not award MTSI damages on its unfair competition claim, then argue that misappropriation and unfair competition claims go "hand-in-hand," citing case law showing that the tort of misappropriation stems from unfair competition. It is not clear how the relationship between unfair competition and misappropriation is relevant to the determination this Court must make concerning exemplary damages, and Defendants do not say. It appears that Defendants believe exemplary damages are unwarranted because no damages were awarded for unfair competition. Such a claim, however, seeks to substitute the statutory standard for exemplary damages—willful and malicious—with one that requires an accompanying finding of unfair competition coupled with an award of compensatory damages. The Court

rejects this suggestion; a jury finding of wilfulness and maliciousness is plainly sufficient and is present in this case. A.R.S. § 44-403(B)

Similarly, Defendants note that the jury awarded $155,400 on MTSI's misappropriation claim, but assigned a value of $750,000 to the software at issue by awarding that amount in damages on MTSI's conversion claim. Once again, Defendants have not explicitly stated how these facts relate to an award of exemplary damages. They appear to suggest, however, that Defendants' acts of misappropriation could not have been that bad, or the jury would have awarded an amount of damages more closely resembling the award for conversion. To that point, it is impossible to knowhow the jury chose what amounts to award in damages. Second, it is not clear how the discrepancy in damage amounts between the two claims mitigates the jury's explicit finding that the Nelcela Defendants' conduct was willful and malicious. In short, these aspects of the Jury's verdict do not persuade this Court that an award of exemplary damages is unwarranted.

Defendants argue further that this Court should not award exemplary damages because the Jury did not award punitive damages. As a preliminary matter, the verdict form did not permit the jury to award punitive damages on the misappropriation claim. (Dkt. #745). Even if punitive damages had been an issue, the Court agrees with Plaintiff that punitive damages are not relevant to the Court's consideration of exemplary damages. A finding of punitive damages requires showing by clear and convincing evidence "that the defendant had an 'evil mind' and demonstrated 'aggravated and outrageous conduct.'" Herbal Care Systems, Inc. v. Plaza, 2009 WL 692338, *5 (D.Ariz. March 17, 2009) (quoting Linthicium v. Nationwide Life Ins. Co., 150 Ariz. 326 (1986)). Exemplary damages, as the Court has noted, are appropriate where a defendant's conduct is wilful and malicious. The Nelcela Defendants argue that the jury elected not to award punitive damages on MTSI's conversion and breach of employee's duty of loyalty claims, that the two standards are identical, and, therefore, an award of exemplary damages in not appropriate because the jury did not think Defendants acted with an evil mind. First, Defendants' contention that the standards are

identical is made without citation to supporting legal authority. Second, and most important, this argument overlooks the fact that the jury did explicitly conclude that Defendants acted wilfully and maliciously.

Defendants' remaining arguments basically assert that their conduct, even if unlawful, was undertaken without bad faith and was unintentional, and, as a result, does not warrant an award of exemplary damages. MTSI, on the other hand, presents a very different view of the facts, painting a picture of Defendants as having coldly calculated to misappropriate MTSI's trade secrets for their benefit. The Parties were given the opportunity at trial to persuade the jury of the truthfulness of their competing versions of the facts. The jury heard their arguments and decided that Defendants acted willfully and maliciously. The Court heard the same evidence and finds that the jury's conclusion was warranted. It will not, now, invade the prerogative of the jury by failing to give effect to its conclusion that Defendants acted wilfully and maliciously when misappropriating MTSI's trade secrets. Accordingly, the Court determines that exemplary damages are not only warranted, but appropriate, and will double the jury's verdict to $310,800 in accordance with A.R.S. § 44-403(B).

## V. The POST PARTIES AND MTSI's MOTION TO AMEND JUDGMENT

The POST Parties and MTSI have requested that this Court vacate the Clerk's September 1, 2009, judgment and enter an amended judgment that addresses MTSI's claim for exemplary damages, avoids duplicative damages, offsets the damages awarded to the POST and Nelcela Parties, and includes post-judgment interest. Having determined that MTSI is entitled to exemplary damages, the Court agrees that the judgment should be amended to reflect an award of exemplary damages for MTSI in the amount of $310,800. Additionally, the Court agrees that the POST Parties and Nelcela Defendants did not seek duplicative damages in this lawsuit, and seeing no objection from the Nelcela Defendants to the POST Parties' request, it will amend the judgment to reflect single awards of damages. The Court will also, however, grant the POST Parties request for an offset, subtracting

$147,569.00 from $3,145,797.00 creating a single judgment of $2,998,228 for the POST Parties. See McEvoy v. Aerotek, Inc., 201 Ariz. 300, 303 (App. 2001) (noting the use of offsets of competing damages awards). In so doing, the Court notes that the Nelcela Defendants' objection to an offset, namely their fear that an offset will make it appear to an appeals court as if they did not succeed on any of their claims, is not rational. This Court is quite confident, regardless of the form of the judgment, that the Ninth Circuit will be able to properly consider any appeal that is brought in this case. Finally, the Court will amend the judgment to award MTSI and the POST Parties post-judgment interest on their damages awards in accordance with 28 U.S.C. § 1961.

**Accordingly,**

**IT IS HEREBY ORDERED** granting MTSI'S Motion to Amend Judgment to Include Exemplary Damages for Misappropriation of Trade Secrets Pursuant to A.R.S. § 44-403(B), (Dkt. #758).

**IT IS FURTHER ORDERED** denying the Nelcela Defendants' Motion to Amend/Alter Judgment or, in the Alternative, Motion for a New trial Regarding Damages, (Dkt. #752)

**IT IS FURTHER ORDERED** denying the Nelcela Defendants' Renewed Motion for Judgments as a Mater of Law or In the Alternative, Motion to Amend the Judgment, or in the alternative, Motion for a New Trial, (Dkt. #759).

**IT IS FURTHER ORDERED** denying the POST Parties Renewed Motion for Judgment as a Matter of Law-or-Motion to Amend Judgment to Conform to Evidence, (Dkt. # 756).

**IT IS FURTHER ORDERED** granting POST Parties' Motion to Vacate Judgment and Enter Amended Judgment, (Dkt. #748). The Clerk of the Court is directed to amend the Clerk's Judgment to: (1) award MTSI $310,800.00 in exemplary damages; (2) consolidate and offset the Nelcela Defendants' and the POST Parties' damages awards, resulting in a

single award to the POST Parties for $2,998,228; (3) and indicate that the POST Parties and MTSI are each entitled to post-judgment interest on their damages awards in accordance with 28 U.S.C. § 1961 from the date of the Judgment until the Judgment is satisfied.

DATED this 31st day of March, 2010.

_____
Mary H. Murguia
United States District Judge