**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Merchant Transaction Systems, Inc., et al., <br> Plaintiff, <br> vs. <br> Nelcela, Inc., et al., <br> Defendant. | No. CV 02-1954-PHX-MHM <br><br> **ORDER** |

Currently pending before the Court is Plaintiff Merchant Transaction Systems, Inc.'s ("MTSI") Motion for an Award of Attorney's Fees And Related Non-Taxable Expenses, (Dkt. #754), and POST Integrations, Ebocom, Mary Gerdts, and Douglas McKinney's ("POST Parties) Motion for Attorney's Fees And Related Non-Taxable Expenses (Dkt. #755). Having considered all the evidence and heard oral argument on February 24, 2010, the Court issues the following Order.

**I.  MTSI's MOTION FOR ATTORNEY'S FEES**

MTSI argues that attorney's fees are appropriate under Arizona Revised Statute ("A.R.S") §12-341.01, A.R.S. § 44-404, and, for its conversion claim, pursuant to the Arizona Supreme Court case United States Fidelity & Guarantee Co. v. Frohmiller, 71 Ariz. 377, 380 (1951). The Court will consider each of these contentions in turn.

/ / /

### A. A.R.S. § 12-341.01(A)

A.R.S. § 12-341.01(A) permits a prevailing party to recover reasonable attorney's fees "[i]n any contested action arising out of a contract, express or implied . . . ." An award of attorneys fees under section A.R.S. §12-341.01 is discretionary, but "it is the clear intent of the statute that under ordinary circumstances the successful party in an action which falls under the statute is entitled to recover reasonable attorney's fees." G & S Investments v. Belman, 145 Ariz. 258, 700 (App.1984). To aide courts in determining when a fees award is appropriate, the Arizona Supreme Court has articulated six factors which courts must consider when deciding whether or not to award attorney's fees: "(1) the merits of the unsuccessful parties' claim or defense; (2) whether litigation could have been avoided or settled; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) the novelty of the issues; and (6) whether the award will overly deter others from bringing meritorious suits." Associated Indem. Corp. v. Warner, 143 Ariz. 567, 570 (1985).

MTSI brought two claims sounding in contract against the Nelcela Defendants, winning as to one—its claim against Alec Dollarhide—and losing as to the other—its claim against Nelcela. Because MTSI did not prevail in its contract claim against Nelcela, it is not entitled to attorney's fees for work done on that claim. MTSI is, however, a prevailing party on its contract claim against Alec Dollarhide. McEvoy v. Aerotek, Inc., 201 Ariz. 300, 303 (App. 2001) ("A plaintiff is the prevailing party when a jury reaches a verdict in favor of the plaintiff and awards damages."). Before deciding whether or not an award of fees is appropriate, the Court will consider MTSI's argument that its tort claims arise out of the contract between it and Mr. Dollarhide and are, therefore, a basis upon which to award fees under A.R.S. § 12-341.01(A).

As a general rule, attorney's fees are not permitted in cases arising out of tort. An exception exists, however, where the tort claim arises out of a contract. The "test to be applied in determining whether the 'arising out of contract' language of A.R.S. § 12-341.01

1  is applicable is whether the 'action in tort could not exist but for the breach of the contract.'"
2  Cauble v. Osselaer, 150 Ariz. 256, 260 (App. 1986) (quoting Sparks v. Republic Nat'l Life
3  Ins. Co., 132 Ariz. 529, 543 (1982)). MTSI would have this Court award attorney's fees
4  based on the jury's determination that Alec Dollarhide violated his duty of loyalty to his
5  employer, MTSI. In so arguing, MTSI asserts that if an employment contract did not exist,
6  there could be no duty of loyalty. Were this so, an award of attorneys would probably be
7  appropriate. See Sparks, 132 Ariz. at 543–44 (noting that an award of attorneys fees based
8  on the tort of bad faith is appropriate because "bad faith cannot be committed absent the
9  existence of an insurance contract and a breach thereof."). MTSI's assertion, however, is not
10 correct. Arizona law recognizes a duty of loyalty between employees and employers that
11 exists independently of a contractual relationship.  See McCallister Co. v. Kastella, 170
12 Ariz. 455, 457-58 (App.1992) ("[I]n Arizona, an employee/agent owes his or her
13 employer/principal a fiduciary duty." (citing Restatement (Second) of Agency § 2 (1958))).
14 The Court cannot, therefore, find that a claim for breach of duty of loyalty could not exist but
15 for the contract between Mr. Dollarhide and MTSI. Accordingly, MTSI is not entitled to
16 attorneys fees on its breach of duty of loyalty claim.

17    Having determined which claims are eligible for an award of fees under A.R.S. §
18 12-341.01(A), the Court must now decide whether such an award is appropriate. The Court
19 has no trouble finding that an award of fees is warranted in this case. Such an award will not
20 deter other meritorious suits. The legal question is not novel. MTSI prevailed as to all of
21 its claims brought specifically against Alec Dollarhide, and given the rancor between the
22 parties, the Court has little doubt that under better circumstances litigation could have been
23 avoided. The Court does acknowledge, however, that an award of attorney's fees may cause
24 some hardship to Mr. Dollarhide. It does not believe, however, that such hardship would be
25 extreme in light of the considerable judgment against Nelcela in this case, a judgment for
26 which Mr. Dollarhide is, in large part, jointly and severally liable.
27 / / /
28

### B. Attorney's Fees for Conversion Claim

MTSI has also requested attorney's fees based on its successful prosecution of its conversion claim. Such an award is clearly not supported under A.R.S. § 12-341.01(A). Instead, MTSI directs this court to U.S. Fidelity & Guaranty Company v. Frohmiller, in which the Arizona Supreme Court stated:

> It is generally held that where the wrongful act of the defendant has involved the plaintiff in litigation with others or placed him in such relation with others as makes it necessary to incur expense to protect his interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and **may be recovered as damages**.

71 Ariz. 377, 379 (1951) (emphasis added). Frohmiller may have entitled MTSI to seek additional damages on its conversion claim at trial. The Court agrees with the Nelcela Defendants that damages must be awarded by a jury based on evidence presented at trial. See Lloyd v. State Farm Mut. Auto. Ins. Co., 176 Ariz. 247, 251 (App. 1992) ("The extent of damages is a jury question."). Accordingly, this Court cannot now award MTSI additional damages based on attorney's fees it incurred prosecuting this action.

### C.     Attorney's fees pursuant to A.R.S. § 44-404.

Finally, MTSI seeks recovery of attorney's fees pursuant to A.R.S. § 44-404. Section 44-404 authorizes an award of reasonable attorney's fees when a defendant has been convicted of willful and malicious misappropriation of a trade secret. In defending against this request, Nelcela does not argue that § 44-404 is inapplicable, instead it has elected to challenge the validity of the jury's finding on MTSI's misappropriation of trade secrets claim, citing this Court to its Renewed Motion for Judgment as a Matter of Law, a motion this Court has denied. In light of the jury's finding of wilful and malicious appropriation, this Court decides that an award of reasonable attorney's fees is appropriate in this case.

This finding does not, however, extend to MTSI's claim for unjust enrichment. MTSI concedes its unjust enrichment claim does not directly entitle it to an award of fees, but argues that fees are appropriate because unjust enrichment arises out of a finding of misappropriation of trade secrets. MTSI has cited no authority for this proposition, and § 44-

404, unlike §12-341.01(A), does not contain language permitting an award of fees for claims arising out of or related to a willful and malicious misappropriation. The Court will not, therefore, award MTSI attorney's fees based on its unjust enrichment claim.

### D. The Amount of Attorney's Fees

The Court has decided that an award of attorney's fees is appropriate for MTSI's contract claim against Alec Dollarhide and its claim of misappropriation of trade secrets against all of the Nelcela Defendants (who are jointly and severally liable on that claim). It is not, however, prepared to assess an amount of attorneys fees at this juncture. MTSI has asked this Court for a blanket sum of $807,044.55 in fees. This amount is unreasonable as it necessarily takes into account work done on claims for which attorney's fees are not recoverable. MTSI is only entitled to recover its fees on the claims which this Court has ruled an award of fees is appropriate. See Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1230 (9th Cir. 1997) ("It is well-established law that a party entitled to attorney's fees as a prevailing party on a particular claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim or any 'related claims.'"). In its moving papers and in the fee invoices submitted in support of its motion, MTSI has made no attempt to apportion or allocate its fees among its many claims. Due in no small part to the length of this litigation, these records are voluminous and the Court will not spend its time combing through them in an effort to determine which billable hours were spent on which claim.

Instead, the Court finds that the most appropriate way to address the amount of attorney's fees that can reasonably be awarded is to require MTSI to submit a revised fee application. This filing should identify and allocate to the greatest extent possible and in detail the amount of money MTSI's attorneys charged to their clients for working on the claims that this Court has decided are entitled to attorney's fees. It is also appropriate to remind MTSI that the Court will only compensate it for reasonable costs, and that "[t]he Court's directive to . . . present evidence of [its] just costs and expenses [is] not an invitation

to indulge in overreaching." See Mehney-Egan v. Mendoza, 130 F. Supp. 2d 884, 885 (E.D. Mich. 2001).

## III. THE POST PARTIES' MOTION FOR ATTORNEY'S FEES

The POST Parties have moved for attorney's fees pursuant to 17 U.S.C. § 505, A.R.S. § 12-341.01, 28 U.S.C § 1927, and A.R.S.§ 12-349. The Court will consider each of these requests in turn.

### A. Motion for Fees Pursuant to 17 U.S.C. § 505

Under the Copyright Act of 1976, a court may "award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. The Ninth Circuit has explained that "[f]ees are proper under this statute when either successful prosecution or successful defense of the action furthers the purposes of the Copyright Act." Perfect 10, Inc. v. CCBill LLC, 481 F.3d 751, 769 (9th Cir. 2007) Accordingly, both prevailing plaintiffs and prevailing defendants are eligible for an award of fees under § 505. Id. The granting of such an award is left to the trial court's discretion, but the Ninth Circuit has identified a number of non-exclusive factors which should guide that discretion. These include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. (quoting Lieb v. Topstone Indus, Inc., 788 F.2d 151, 156 (1986)).

The Nelcela Defendants assert that a fee award of based on § 505 is inappropriate because the Post Parties cannot rightfully be considered prevailing parties. In support of this position, they argue that the issues of copyright infringement and copyright damages never went to trial for a merits determination. The POST Parties espouse a different view of events. The POST Parties remind that Court that following the Phase I trial, despite the Jury's finding that Lexcel owned the software in question, the Nelcela Defendants did not drop their copyright claims against the POST Parties. Instead, only many months later, did

the Nelcela Defendants concede that entry of partial summary judgment on their copyright-related claims in the POST Parties' favor was appropriate.

The record supports the POST Parties' version of events. In their Response to the Joint Parties Motion for Partial Summary Judgemnt and Defendants' Cross-Motion For Partial Summary Judgment, (Dkt. #621), the Nelcela Defendants informed the Court that "Nelcela does not oppose entry of partial summary judgment on the claims related to copyrights - Count Four (Copyright Infringement), Count Eight (Misappropriation), and Count Nine (Unfair Competition) (subject to reservation of appeal rights discussed above). (Dkt. #621, p.6)." Subsequently, this Court entered Summary Judgment in favor of the POST Parties on those claims. (Dkt. #636, p.30).

The Court must now determine whether entry of summary judgment in favor of the POST Parties means they are prevailing parties under § 505. In the Ninth Circuit, "a defendant is a prevailing party [under § 505] following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court." Cadkin v. Loose, 569 F.3d 1142, 1150 (9th Cir. 2009). A summary judgment order constitutes a determination on the merits that cannot later be re-filed. See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("These decisions are based on the general principle that summary judgment is on the merits."(internal quotations omitted)). The Parties did not stipulate that Nelcela's claims should be dismissed without prejudice, nor did this Court take any such action. Instead, Nelcela elected not to oppose the entry of summary judgement in favor of the POST Parties on its copyright claims so that it could pursue those claims on appeal. Accordingly, under Cadkin the POST Parties have prevailed on the copyright claims brought against them and are eligible for an award of attorney's fees.

Having considered the POST Parties' motion in light of the factors that should guide its discretion, the Court finds that an award of attorney's fees is warranted in this matter. The jury in this case determined that the Nelcela Parties unlawfully copied the Lexcel software, and the source code Alec Dollarhide was paid by MTSI to write and maintain. The record

1 also shows that they submitted that code to the Trademark and Patent Office as their original
2 work. Thus, from the very beginning of this lawsuit, the Nelcela Defendants must have
3 known that their copyright claim was both frivolous and unreasonable. Issuing attorney's
4 fees in this case will serve as a deterrent to other potential plaintiffs or counter-claimants
5 who, like the Nelcela Defendants, may be inclined to bring suit with questionable motives.

### B. Motion for Fees Pursuant A.R.S. § 12-341.01(A)

In the section of this order addressing MTSI's attorney's fees request, the Court has already set forth the standard for attorney's fees under A.R.S. § 12-341.01(A). As a preliminary issue, the Court must determine if the POST Parties collectively are, in fact, the prevailing party in this litigation. Normally, "[a] plaintiff is the prevailing party when a jury reaches a verdict in favor of the plaintiff and awards damages." McEvoy v. Aerotek, Inc., 201 Ariz. 300, 303 (App. 2001). The POST Parties prevailed on their contract claim against Nelcela and the jury awarded damages. This case, however, presents an interesting wrinkle, as Nelcela prevailed on its counterclaim against the POST Parties, claims predicated in part on the same contract on which the POST Parties prevailed. Normally, where both plaintiff and defendant have prevailed on some of the claims, "a party will be 'successful' if he obtains judgment for an amount in excess of the setoff or counterclaim allowed." Trollope v. Koerner, 21 Ariz. 43, 48 (App. 1973). Despite the factual peculiarity in the instant case, the Court sees no reason the rule articulated in Trollope should not apply. The jury awarded the POST Parties $3,145,797.00 in contract damages, but gave only 147,569.00 to Nelcela. Clearly, then, the POST Parties are the prevailing party under § 12-341.01(A).

Having determined eligibility, the Court must now decide whether an award of attorney's fees is warranted. In so doing the Court must consider "(1) the merits of the unsuccessful parties' claim or defense; (2) whether litigation could have been avoided or settled; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) the novelty of the issues; and (6) whether the award will overly deter others from bringing

meritorious suits." Associated Indem. Corp. v. Warner, 143 Ariz. 567, 570 (1985). The Court is also guided, however, by the teaching that "it is the clear intent of the statute that under ordinary circumstances the successful party in an action which falls under the statute is entitled to recover reasonable attorney's fees." G & S Investments v. Belman, 145 Ariz. 258, 700 (App.1984).

Before considering if attorney's fees should be awarded, the Court must determine which of the POST Parties' tort claims entitle them to fees under § 12-341.01(A). The rule, as the Court has already explained, "is whether the 'action in tort could not exist but for the breach of the contract.'" Cauble v. Osselaer, 150 Ariz. 256, 260 (App. 1986) (quoting Sparks v. Republic National Life Insurance Co., 132 Ariz. 529, 543 (1982). In response to the Defendants' Renewed Motion for Judgment as a Matter of law, the POST Parties argued that their fraud claims are based on inducement and, therefore, are factually distinct from their contract with Nelcela. Given this position, the Court cannot find that the POST Parties fraud claims arise out of its contract claim. Accordingly, this Court will not consider work done on fraud claims when calculating attorney's fees. Similarly, the POST Parties claim for negligent misrepresentation cannot be considered in an award of attorney's fees, as any representations related to the formation of the contract would have been precursors to its formation and would exist regardless of the breach of that contract. A claim for unjust enrichment may support an award of fees, depending on the facts of the case. See Schwab Sales, Inc. v. GN Const. Co., Inc., 196 Ariz. 33, 37, 992 P.2d 1128, 1132 (App. 1998) (explaining that a claim for unjust enrichment can arise under a contract for purposes of A.R.S. § 12-341.01 if it would not have existed but for the contract."). At oral argument, however, the POST Parties conceded that their unjust enrichment claim does not arise out of their contract claim. That leaves only the POST Parties claim for breach of warranty, which the Court finds does support an award of attorney's fees. See Chaurasia v. Gen. Motors Corp., 212 Ariz. 18, 27 (App. 2006) ("Time after time, Arizona courts have held

that a claim for breach of warranty does arise out of contract for purposes of A.R.S. § 12-341.01(A)");

Having determined that an award of attorney's fees is permissible on the POST Parties' contract and breach of warranty claims, the Court must now decide if an award is warranted. The POST Parties prevailed on all of the claims they brought against the Nelcela Parties, including their contract claim, and this case did not involve any novel areas of law. This Court also finds that litigation could have been avoided in this matter and, in light of the considerable jury verdict in this case, better efforts at settlement could have been made as well. Furthermore, after Phase I of the trial the POST Parties settled with MTSI and Lexcel, demonstrating a willingness to settle. Also, even if true, the Court will not hold it against the POST Parties that they agreed to share with Lexcel any attorneys fees that are awarded in this case; what they choose to do with a duly earned fee award is their business, not this Court's.

Weighing slightly in favor of the Nelcela Defendants is the fact they prevailed on their contract claim against the POST Parties. This fact is far from determinative, however, as the Nelcela Defendants' victory does not mean that their defense to the POST Parties' contract claim was particularly meritorious, indeed the jury found against them at trial, awarding substantial damages.[1] Additionally, the Court reemphasizes that an award of fees under §

---

[1] The Court notes that in defending against the POST Parties' motion for attorney's fees predicated on A.R.S. § 12-341.01(A), the Nelcela Defendants have alleged that during trial the POST Parties misled this Court concerning Trial Exhibit 53. Specifically, the Nelcela Defendants claim that the POST Parties misrepresented to the Court that this Court had previously ruled that the release language in the Mutual Confidentiality Agreement was inapplicable. Accordingly, they argue that the POST Parties' contract claim should not be considered "meritorious" because its contract theory was predicated on misleading the Court about the inapplicability of the release language. (Dkt. #809, p.15). In considering an award of attorney's fees, however, the Court need only consider the merit of the Defendants' claims or defenses, not the prevailing party's. See G & S Investments v. Belman, 145 Ariz. 258, 700 (App.1984) (noting that one of the factors the Court must consider in awarding attorney's fees is "the merits of the unsuccessful parties' claim or defense"). Accordingly, Defendants' argument has no bearing on the Court's § 12-341.01(A) analysis. The Court also notes that Defendants did not raise this argument in the context of their post-trial

- 10 -

1  12-341.01(A) is not an extraordinary remedy, but one to be issued under normal
2  circumstances. G & S Investments v. Belman, 145 Ariz. 258, 700 (App.1984) ("[I]t is the
3  clear intent of the statute that under ordinary circumstances the successful party in an action
4  which falls under the statute is entitled to recover reasonable attorney's fees."). Still, while
5  the court believes that some amount of attorney's fees is appropriate in this case, the amount
6  requested by the POST Parties—approximately 3.5 million dollars—would certainly cause
7  hardship for these Defendants, as it is more than doubles the damages. And, should the Court
8  enter an award that large, it is concerned that other potential litigants will be deterred from
9  bringing meritorious suits. In sum, the factors that must be considered by this Court balance
10 in favor of an award of attorney's fees, but not one for the amount requested by the POST
11 Parties.

**C.     Motion for Fees Pursuant to 28 U.S.C § 1927 and A.R.S.§ 12-349.**

Sections 28 U.S.C § 1927 and A.R.S. § 12-349, although having slightly different requirements, permit an award of attorney's fees against a party that brings meritless or harassing litigation. Specifically, A.R.S. § 12-349 "requires an award of fees as a sanction when a party brings or defends a claim without substantial justification, brings or defends a claim solely or primarily for delay or harassment, unreasonably expands or delays the proceeding, or engages in abuse of discovery." In re Estate of Stephenson, 217 Ariz. 284, 289 (App. 2007). Under § 12-349, the, the Court must find by a preponderance of the evidence that the party's claim: (1) constitutes harassment; (2) is groundless; and (3) is not made in good faith. Fisher on Behalf of Fisher v. Nat'l Gen. Ins. Co., 192 Ariz. 366, 370 (App. 1998). All three elements must be shown. Id. Similarly, 28 U.S.C § 1927 provides for attorney's fees where an attorney "multiplies the proceedings in any case unreasonably and vexatiously." An award under section 1927 must be predicated on a finding of subjective bad faith, which "is present when an attorney knowingly or recklessly raises a

---

motions brought pursuant to Rules 50 and 59 on the Federal Rules of Civil Procedure.

1  frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."
2  In re Keegan Mgmt. Co., Sec. Litig. 78 F.3d 431, 436 (9th Cir. 1996).

Without referring specifically to either statute, the POST Parties argue that an award of attorney's fees is appropriate because the Nelcela Defendants copied source code, attempted to pass it off as their own, and that the jury found they did so knowingly and maliciously with respect to MTSI's misappropriation of trade secrets claim. The Post Parties also remind this Court that it found scienter when entering summary judgement for the POST Parties on their fraud claim. These factual assertions are made, however, without specific reference to either statute or an application of the facts to the law. Given the various requirements of 28 U.S.C § 1927 and A.R.S.§ 12-349, the POST Parties application is plainly insufficient and would require this Court to make their arguments for them concerning, for example, subjective bad faith and harassment. Because the POST Parties have failed to make even minimal arguments in support of their application for attorney's fees under 28 U.S.C § 1927 and A.R.S.§ 12-349, this Court cannot and will not grant their motion.

### D. The Amount of Attorney's Fees

The Court has decided that an award of attorney's fees is appropriate for the POST Parties' defense of the copyright claim brought against them by Nelcela and for prevailing on its contract and breach of warranty claims against Nelcela. It is not, however, prepared to determine an amount of attorneys fees at this juncture. The POST Parties have asked this Court for a blanket sum of $3,518,489.71 in fees. This amount is unreasonable as it takes into account work done on claims for which attorneys fees are not recoverable. The POST Parties are only entitled to recover its fees on the claims which this Court has ruled an award of fees is appropriate. See Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1230 (9th Cir. 1997) ("It is well-established law that a party entitled to attorney's fees as a prevailing party on a particular claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim or any 'related claims.'"). In their moving papers and in the fee agreements and invoices the POST Parties

submitted in support of their motion, they make no attempt to apportion or allocate its fees among its many claims. Due in no small part to the length of this litigation, these records are voluminous, consisting of hundreds of pages, and the Court will not spend its time combing through these records to determine which billable hours were spent on which claim.

Instead, the Court finds that the most appropriate way to address the amount of attorney's fees that can reasonably be awarded is to require the POST Parties to submit a revised fee application. This filing should identify and allocate to the greatest extent possible and in detail the amount of money the POST Parties attorneys charged to their clients for working on the claims that this Court has decided are entitled to attorney's fees. For example, prior to settling with Lexcel and MTSI after Phase I, the POST Parties had to defend against allegations of copyright infringement leveled against them by those parties as well. This Court will not, then, award POST Parties fees earned defending against a party other than Nelcela. Additionally, the POST Parties must apportion their fees to the best of their ability between the cases arising out of contract for which an award of fees has been granted and those tort claims which this Court has decided are not fee eligible. Should it fail to do so, this Court may, at its discretion, decline to grant a fee award. See Circle K Corp. v. Rosenthal, 118 Ariz. 63, 574 P.2d 856, 862 (App.1977) (declining to award attorney's fees because the trial court did not accept prevailing parties assertion that 20% of work was related to contract claim, where extensive overlapping between contract claim and non-fee eligible negligence claims existed).

It is also appropriate to remind the POST Parties, as it did MTSI, that the Court will only compensate it for reasonable costs, and that "[t]he Court's directive to . . . present evidence of [its] just costs and expenses [is] not an invitation to indulge in overreaching." See Mehney-Egan v. Mendoza, 130 F. Supp. 2d 884, 885 (E.D. Mich. 2001). Such an admonition seems especially appropriate here, as the POST Parties have asked for a fee award exceeding the three million plus dollars they received in damages.

/ / /

**Accordingly,**

**IT IS HEREBY ORDERED** granting in part and denying in part MTSI's Motion for an Award of Attorney's Fees And Related Non-Taxable Expenses, (Dkt. #754). The Court will award MTSI attorney's fees and costs for its contract claim against Alec Dollarhide and its Misappropriation of Trade Secrets claim against the Nelcela Defendants. MTSI's motion is denied as to all other bases for an award of attorney's fees.

**IT IS FURTHER ORDERED** granting in part and denying in part the POST Parties' Motion for Attorney's Fees And Related Non-Taxable Expenses (Dkt. #755). The Court will award the POST Parties attorney's fees and costs for its contract and breach of warranty claims and for prevailing against the copyright claims brought against them by Nelcela. The POST Parties' motion is denied as to all other bases for an award of attorney's fees.

**IT IS FURTHER ORDERED** that MTSI and the POST Parties must submit revised fee applications in accordance with the Court's directives in the body of this Order within 30 days.

**IT IS FURTHER ORDERED** denying as moot MTSI's Motion for Leave to File Excess Pages for Consolidated Response to POST and MTSI's Applications for Attorney's Fees. (Dkt. #807).

DATED this 31st day of March, 2010.

_____
Mary H. Murgula
United States District Judge