# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Merchant Transaction Systems, Inc., | No. CV-02-1954-PHX-FJM (LOA) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Nelcela, Inc., et al.; | |
| Defendants | |
| And Related Counterclaims, Cross-Claims, and Third-Party Claims | |

On June 23, 2011, Judgment-Creditors POST Integrations, Inc., Ebocom, LLC and Merchant Transaction Systems ("Petitioners"), Inc., filed a Petition for a Writ of Execution in the Form of a Charging Order Against the Interest of Leonard Campagna and/or Helga Terry Campagna in KLCADO, LLC[1] and Order to Show Cause. (Doc. 961) Judgment-Debtors Leonard and Helga Campagna ("Campagnas") filed their opposition to the Petition to which Petitioners replied. (Docs. 962, 963) On March 23, 2011, this case was referred to the undersigned Magistrate Judge for "all post-judgment proceedings[]" pursuant to 28 U.S.C.§ 636(b)(3), LRCiv 72.1(b), and LRCiv 72.2(a)(8). (Doc. 957) After review of the Petition's briefing and Arizona authorities, the undersigned finds that an evidentiary

---

[1] This limited liability company's articles of organization reflect that KLCADO, LLC is plainly an acronym created by the first two letters of each of the three founding members' last names. (Doc. 963-1, Exhibit 1 at p. 2)

hearing is unnecessary and recommends the Petition be granted and a charging order issue.

## I. Background

This lawsuit, filed on October 3, 2002 alleging claims of breach of contract, unjust enrichment, and fraud under Arizona law, resulted in significant jury awards nearly seven years later, on September 2, 2009, in favor of Petitioners against Defendants Alec Dollarhide, Nelcela, Inc., and Len Campagna. (Docs. 1, 746, 939) The factual and procedural history of this case is long, convoluted, and was detailed by the former trial judge, District Judge Mary H. Murguia, in her June 25, 2009 summary judgment order.[2] (Doc. 858 at 2) A summary of the jury awards may be found in Judge Murguia's March 31, 2010 order granting and denying several post-verdict motions. (*Id.* at 2-3) An Amended Judgment was entered on April 16, 2010. (Doc. 861) On March 31, 2011, significant amounts of attorneys' fees were awarded to MTSI and the POST parties. (Doc. 957)  The Campagnas and others appealed to the Ninth Circuit on April 30, 2010 which affirmed the judgment in a memorandum decision on June 22, 2011. (Doc. 968-1)  The mandate issued on August 9, 2011. (Doc. 968)  The Campagnas did not post a supersedeas bond to secure the judgment and no court has stayed enforcement of the judgment. Considering the accrued interest to date on the Amended Judgment and the order awarding attorneys' fees and costs, the Campagnas' indebtedness to Petitioners exceeds $3,000,000.00.[3]

## II. Petition for Charging Order

Pursuant to Arizona Revised Statute ("A.R.S.") § 29-655, Petitioners request (1) a charging order against the Campagnas' interests in the Arizona limited liability company registered as KLCADO, LLC ("KLCADO"); (2) an order requiring KLCADO to

---

[2] Case was reassigned, by random lot, to the Hon. Judge Frederick J Martone, U.S. District Judge, on March 23, 2011. (Doc. 957)

[3] According to Petitioners, the POST parties' Amended Judgment against Leonard Campagna amounts to $2,998,228.00. (Doc. 961 at 1) MTSI's Amended Judgment against Leonard Campagna in the amount of $2,262,000.00. (*Id.*) The POST parties obtained an award of Attorneys' Fees in the amount of $2,669,766.44 and MTSI obtained an award of Attorneys' Fees in the amount of $600,931.85 on March 23, 2011. (*Id.* at 2)

show cause why the requested relief in this Petition should not be granted; and (3) an order "restraining KLCADO from paying any sums to Leonard or Helga Terry Campagna until after the Court has considered the matter at a hearing to show cause."[4] (Doc. 961 at 1, 3) Petitioners indicate the Amended Judgment and award of fees and costs remain unsatisfied as of the date the Petition was filed.

The Campagnas oppose the Petition, collaterally attacking the judgments as, *inter alia*, "[e]rroneous for failure to properly assess copyright law, Arizona substantive law on 'fraud,' and ignoring the statute of limitations defenses that were raised and argued." (Doc. 962 at 1) They also contend that "Leonard Campagna is not a member in the LLC, nor should the Court just blindly issue the writ as the Post parties and MTSI ask it to do[,]" arguing "[a]t a bare minimum, the Campagnas must be given the opportunity to demonstrate they neither have membership interest in the LLC nor does the LLC 'pay sums' to them as stated in the application/petition." (*Id.* at 3) The Campagnas further inform the Court that the Post parties have filed an action in the Maricopa County Superior Court (Case No. CV2011-012405) and request "this Court deny relief and allow the Post Parties to seek any relief regarding post-judgment execution in the Superior Court . . . where the issues of post-judgment transfer(s) are pending." (*Id.*)

Disputing the Campagnas' unverified contention that "Leonard Campagna is not a member in the LLC[,]" Petitioners attach to their Reply a copy of KLCADO's Articles of Organization which list Leonard Campagna as a member. (Docs. 963 at 3, 963-1, Exhibit ("Exh") 1 at p. 2) Over two years after this lawsuit was filed, "[t]hese articles were amended on October 27, 2004 and filed with the Arizona Corporation Commission on January 8, 2005, but the members are still listed as Leonard Campagna and Helga Terry Campagna, trustees of the Campagna Revocable Living Trust, Dated October 22, 1999." (Doc. 963-1, Exh 2) Petitioners point out that the Amended Articles were signed by Mr. Campagna, who was

---

[4] Neither the Petitioners nor the Campagnas have provided the Court with any authority that service of the Petition on KLCADO, in addition to the service on Leonard Campagna, Klcado's Member/Manager, is required before a charging order may be lawfully entered.

identified as KLCADO's "Member/Manager." (*Id.*, Exh 2)  Finally, Petitioners inform the Court that "in his debtor's examination, Mr. Campagna testified that his trust holds 100% of the ownership interest in KLCADO." (Deposition transcript, Exh 3, at p. 75).

At the Court's request, the parties recently submitted a Joint Status Report on the Petition. (Doc. 972)  In this Report, Petitioners confirm they have filed a fraudulent-transfer action against the Campagnas and their daughter, Laura Morse, in the Superior Court, entitled *Post Integrations, Inc. et al. v. Laura Morse, et al.*, and represent that "[t]he state court action involves only the transfer of the Campagnas' home and related assets to Ms. Morse after the Phase I jury verdict in this action, and not any other possible avenues of judgment collection." (*Id.* at 2)  Petitioners do not expressly request, nor cite any Arizona authority that requires, an evidentiary hearing but "welcome the opportunity to discuss the petition in oral argument." (*Id.* at 1)

Conversely, the Campagnas continue their written assault on Judge Murguia's rulings, especially on her alleged "erroneous ent[ry of] an injunction in this Court when there was absolutely no pending matter before this Court, nor any case in which the judgment creditors were likely to prove success on the merits."[5] (*Id.* at 3)  The Campagnas also request this Court "order that further post-judgment proceedings be handled in the pending state case so as to streamline the collection efforts[,]" or, alternatively, suggest a "limited amount of discovery be conducted on the sole issue of ownership in KLCADO, LLC (and/or the equity, if any) and that an Evidentiary Hearing be set thereafter." (*Id.*)  Similarly, no federal or Arizona authority is cited for either request or that an evidentiary hearing is required.

**III. Enforcement of Final Judgments**

Federal Rule of Civil Procedure 69 governs the enforcement of final judgments in federal courts. Rule 69(a)(1) provides:

---

[5] The Campagnas are apparently referring to Judge Murguia's issuance of "a Temporary Restraining Order (without notice) and then a Preliminary Injunction that enjoined the Campagnas from transferring assets **not even owned by the Campagnas** . . . when there was no pending case or claims." (Doc. 962 at 2) (emphasis in original)

- 4 -

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution - and in proceedings supplementary to and in aid of judgment or execution - *must accord with the procedure of the state where the court is located*, but a federal statute governs to the extent it applies.

Rule 69(a)(1), Fed.R.Civ.P. (emphasis added); *Parenteau v. Prescott Unified School Dist.*, 2010 WL 729101, * 2 (D.Ariz., March 2, 2010). Under Rule 69, federal courts follow state law in post-judgment collection proceedings, including any request for a charging order on judgment debtors' interest in limited liability companies. *General Elec. Capital Corp. v. JLT Aircraft Holding Co., LLC*, 2010 WL 3023316, * 3 (D.Minn., July 28, 2010).

"A charging order allows a judgment creditor to charge a judgment debtor's membership interest in a limited liability company to the extent of the unsatisfied amount of the judgment plus interest. A.R.S. § 29-655(A)." *Gecko Pools & Spas, L.L.C. v. Blackhawk Holdings, L.L.C.*, 2007 WL 5448130, * 1 n. 1 (Az.Ct.App., October 11, 2007); *General Elec. Capital Corp., supra*, (citing Carter G. Bishop & Daniel S. Kleinberger, *Limited Liability Companies: Tax & Business Law*, § 5.04 (2009) ("The charging order derives from partnership law, is analogous to a lien on the economic part of the member's membership interest, and entitles the charging party only to whatever distributions the member would otherwise be entitled to receive." (footnote omitted)); *91st St. Joint Venture v. Goldstein*, 114 Md.App. 561, 691 A.2d 272, 275 (Md.Ct.App.1997) (providing a discussion of the genesis of charging order statutes as a means of avoiding the sale of partnership interests, which would result in the compulsory dissolution of the partnership).

In Arizona, a charging order is "[t]he exclusive remedy by which a judgment creditor of a member may satisfy a judgment out of the judgment debtor's interest in the limited liability company." A.R.S. § 29-655(C). Arizona's charging order statute provides:

> On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the member's interest in the limited liability company with payment of the unsatisfied amount of the judgment plus interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the member's interest.

A.R.S. § 29-655(A). Charging orders are subject to Arizona exemption's laws applicable to

- 5 -

a judgment-debtor's interest in the limited liability company.[6] A.R.S. § 29-655(B). These exemptions include, but are not limited to, one hundred fifty dollars ($150.00) in a bank or savings and three hundred dollars ($300.00) for married account holders, temporary assistance for needy families, workers' compensation benefits, and federal Social Security and Veterans' administration benefits, *e.g.*, A.R.S. § 33-1126(A); §§ 12-1598 *et seq*.; 42 U.S.C. § 407(a). A.R.S. §§ 12-1570(2) defines "Exempt monies or property" as "monies or property that, pursuant to a state or federal law, is not subject to judicial process, . . . ."; 12-1570(7) defines "Nonexempt monies or property" as those "which are not restricted by law from judicial process."

**IV. Discussion**

The Campagnas have failed to provide any reasonable factual or legal basis to warrant conducting court-ordered discovery, an evidentiary hearing on the Petition or ordering, as the Campagnas request, that all further post-judgment proceedings, including the issuance of a charging order, be handled in the Superior Court fraudulent-transfer case. As discussed in more detail below, Petitioners have established that, at a minimum, the Campagnas have an equitable or beneficial interest in KLCADO, LLC. In fact, ordering an unnecessary hearing, given the information already provided to the Court, would simply add to the staggering cost and delay incurred in this nine-year litigation in Petitioners' lawful attempt to enforce the valid[7] Amended Judgments, which would be inconsistent with Arizona or Federal Rule 1. "These rules . . . shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Rule 1, Fed.R.Civ.P. Moreover, neither A.R.S. § 29-655 nor constitutional due process of law mandates an evidentiary

---

[6] The Campagnas do not claim that their interests in KLCADO are exempted under either Arizona or federal law.

[7] Petitioners correctly point out that the Campagnas may not properly collaterally attack the judgments in this post-judgment proceeding. *Sonya C. By and Through Olivas v. Arizona School for the Deaf and Blind*, 743 F. Supp. 700, 709 (D. Ariz. 1990) ("Once a judgment has been entered by a court of general jurisdiction, a presumption of regularity attaches thereto. (citation omitted) Such a judgment may not be collaterally attacked unless it is void.").

hearing on the Petition. The Campagnas and KLCADO, LLC, through Leonard Campagna as the LLC's "Member/Manager," have been provided actual notice of the Petition and a fair opportunity to protect their property interests. KLCADO, LLC has elected not to appear in this post-judgment proceeding. "The fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to protect the property or liberty interest at issue." *Fry's Food Stores of Arizona, Inc. v. CBM of Arizona, Inc.*, 636 F.Supp. 168, (D.Ariz. 1986) (citing *Anderson Nat. Bank. v. Luckett*, 321 U.S. 233 (1944)).

Petitioners have established, through public records, that KLCADO's Articles of Organization were amended on October 27, 2004 and filed with the Arizona Corporation Commission on January 8, 2005, with relevant members identified as Leonard Campagna and Helga Terry Campagna, trustees of the Campagna Revocable Living Trust. (Doc. 963-1, Exh 2) Pursuant to Arizona law, A.R.S. § 14-10505, "[d]uring the lifetime of the settlor, the property of a revocable trust is subject to claims of the settlor's creditors." A.R.S. § 14-10505[8]. Thus, even though the Campagna's membership interest in KLCADO is held in the name of the Campagna's self-settled revocable trust, that membership interest is still subject to a charging order under applicable Arizona law, which, of course, governs these proceedings. Rule 69(a), Fed.R.Civ.P.

---

[8] A.R.S. § 14-10505, entitled Creditor's claim against settlor, provides in relevant part:

> A. Whether or not the terms of a trust contain a spendthrift provision, the following rules apply:
>
> 1. During the lifetime of the settlor, the property of a revocable trust is subject to claims of the settlor's creditors. If a trust has more than one settlor or contributor, the amount the creditor or assignee of a particular settlor may reach may not exceed the settlor's interest in the portion of the trust attributable to that settlor's contribution. This paragraph does not abrogate otherwise applicable laws relating to community property.

A.R.S. § 14-10505(A)(1).

- 7 -

**V. Conclusion**

The undersigned Magistrate Judge will recommend that a charging order be entered in favor of the Petitioners against the interests the Campagnas in KLCADO, LLC, but that all other requested relief be denied as unnecessary. The undersigned proceeds by report and recommendation upon Judge Murguia's referral order made under a 28 U.S.C. § 636(b)(3)'s "additional duties" jurisdiction because 28 U.S.C. § 636(b) does not expressly authorize a magistrate judge to consider post-judgment motions and the parties have not expressly consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). *Bank Tejarat v. Varsho-Saz*, 981 F.2d 1257 (9th Cir. 1992) (magistrate judge without authority to deny judgment-debtor's claim of property exemption to writ of execution) (citing with approval *Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992); *Wang v. Masaitis*, 416 F.3d. 992 (9th Cir. 2005) (holding that a magistrate judge was well within her authority to issue an R & R on Wang's habeas petition without Wang's consent for *de novo* review by district judge); LRCiv. 72.2(a).

Accordingly,

**IT IS RECOMMENDED** that Judgment-Creditors POST Integrations, Inc., Ebocom, LLC and Merchant Transactions Systems' Petition for a Writ of Execution in the Form of a Charging Order Against the Interest of Leonard Campagna and/or Helga Terry Campagna in KLCADO, LLC and Order to Show Cause, doc. 961, be **GRANTED** in part, *i.e.*, a charging order be entered in favor of Judgment-Creditors POST Integrations, Inc., Ebocom, LLC and Merchant Transactions Systems against the interests of Leonard Campagna and Helga Terry Campagna in KLCADO, LLC, an Arizona limited liability.

**IT IS FURTHER RECOMMENDED** that all other requested relief by the parties be **DENIED** as unnecessary or inappropriate.

These recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have **(14) fourteen days** from the date of service of a copy of this

- 8 -

1  recommendation within which to file specific written objections with the Court. *See,* 28
2  U.S.C. § 636(b)(1); Rules 72, 6, Federal Rules of Civil Procedure. Thereafter, the parties
3  have **(14) fourteen days** within which to file a response to the objections. Failure timely to
4  file objections to the Magistrate Judge's Report and Recommendation may result in the
5  acceptance of the Report and Recommendation by the District Court without further review.
6  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file
7  objections to any factual determinations of the Magistrate Judge may be considered a waiver
8  of a party's right to appellate review of the findings of fact in an order or judgment entered
9  pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil
10 Procedure.

Dated this 6th day of September, 2011.

Lawrence O. Anderson
United States Magistrate Judge