WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Merchant Transaction Systems Incorporated, | No. CV-02-01954-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Nelcela Incorporated, et al., | |
| Defendants. | |

Pending before the Court is the matter of Judgment Creditor MLGGLC, LLC's ("MLGGLC") Motion for Order to Show Cause (Doc. 1039). Judgment Debtor Alec Dollarhide ("Dollarhide") has filed a Response in opposition (Doc. 1044). MLGGLC has filed a Reply (Doc. 1049). On May 10, 2022, the Court held a hearing on the matter (Doc. 1056). For the following reasons, the Motion is denied.

**I.     Background**

In August 2009, a jury found Dollarhide liable for fraud, and judgment was entered against him. (Doc. 861). The judgment creditors then formed MLGGLC and assigned their claim to this entity to collect the judgment. (Doc. 1039-1 at ¶ 6).

MLGGLC filed its Motion for Order to Show Cause on March 22, 2022, and it included an *ex parte* Motion for Temporary Restraining Order ("TRO"). As alleged, Dollarhide was evading MLGGLC's garnishment of his wages by asking his employer to withhold income for taxes. (Doc. 1039 at 2). MLGGLC sought an order (1) directing Dollarhide to produce his 2019, 2020, and 2021 federal and state tax returns, (2)

requiring that Dollarhide pay 25 percent of the combined amount of his 2019, 2020, and 2021 federal and state tax refunds to MLGGLC, and (3) that he pay the entirety of his 2021 tax refund to MLGGLC. (Doc. 1039 at 8). The Court found insufficient cause for *ex parte* relief and ordered that MLGGLC provide notice to Dollarhide.

On March 25, 2022, the Court held a hearing on the Motion for TRO, during which counsel for Dollarhide was present. Dollarhide's counsel represented to the Court that MLGGLC had submitted a request for production of Dollarhide's tax return information on March 16, 2022, and, shortly thereafter, filed the TRO Motion seeking to compel the production even though Dollarhide still had time to respond under Federal Rule of Civil Procedure 34. (Doc. 1044 at 8). In addition, during the hearing, counsel for Dollarhide represented that the TRO Motion had been filed while she was in court with counsel for MLGGLC in a separate proceeding. Dollarhide's counsel requested an award of fees and costs for having to respond to the *ex parte* Motion. The Court noted during the hearing that counsel for Dollarhide had made a persuasive argument, and it permitted counsel for MLGGLC to respond. He has filed a Response (Doc. 1049).[1]

The Court held an additional hearing on May 10, 2022, during which Dollarhide testified that he had asked his employer to withhold additional taxes on several occasions. During the hearing, counsel for MLGGLC noted that its request for the tax returns had been satisfied, except for the 2021 return, which had not yet been filed. Because Dollarhide testified to not receiving a tax refund in 2019, MLGGLC adapted its request to receive 25 percent of Dollarhide's tax return from 2020, and from 2021 when it became available.

## II.     MLGGLC's Request

The Court finds that Dollarhide was aware that by having his employer withhold additional taxes, he would be able to skirt MLGGLC's garnishment. In fact, this seems to be part of his intention, in addition to making sure his tax liabilities are paid. For

---

[1] Accompanying this Response, MLGGLC filed a Motion to Seal (Doc. 1048), which seeks to seal Dollarhide's tax returns that are attached to the Response. The Court denies the Motion as they are not necessary to the Court's analysis.

example, at the May 10 hearing, Dollarhide testified to having money withheld so that it would be available for settlement discussions with MLGGLC.

The problem the Court encounters is that MLGGLC has presented no law to support its request. By requesting 25 percent, MLGGLC implies that the tax return is subject to the same garnishment restrictions on disposable earnings. *See* 15 U.S.C. 1673(a) (imposing limit of 25 percent garnishment on disposable earnings). But income tax refunds are not considered earnings under this statute. *In re Brissette*, 561 F.2d 779, 784 (9th Cir. 1977). Having failed to present supporting legal authority, the Court is not in a position to grant MLGGLC's request.

The Court understands MLGGLC's concern that Dollarhide has unfairly exploited a loophole in the garnishment of his wages. But to the extent MLGGLC seeks equitable relief, such relief us unavailable because it seeks a monetary award. *See Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1174 (9th Cir. 2010) (courts may not provide injunctive relief when monetary remedies are available).

### III. Attorney Fees

The Court will now take up the question of whether to grant Dollarhide's request for attorney fees. He requests them for MLGGLC's "violation (or misuse)" of the Federal Rules of Civil Procedure. (Doc. 1044 at 9). The Court may use its inherent powers to award attorney fees only when a party has acted "acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." *F. D. Rich Co. v. U. S. for Use of Indus. Lumber Co.*, 417 U.S. 116, 129 (1974).

Counsel for MLGGLC recognizes that he "should have done a better job" in explaining the basis for the *ex parte* TRO Motion, but he argues that it was made in good faith after evidence arose showing "that Dollarhide has been shielding his earnings from garnishment." (Doc. 149 at 7). Although the TRO Motion was rushed and legally insufficient, the Court does not find MLGGLC acted in bad faith as MLGGLC's primary motivation in seeking the TRO was to preserve funds that it believes were wrongfully shielded from it. Therefore, the request for attorney fees will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that MLGGLC's Motion for Order to Show Cause (Doc. 1039) is **denied**. Each party is to bear their own costs with respect to this Motion.

**IT IS FURTHER ORDERED** that MLGGLC's Motion to Seal (Doc. 1048) is **denied**.

Dated this 22nd day of July, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge